JEFFREY I. DONTIGNEY *v.* CLINTON ROBERTS
(AC 21972)

Lavery, C. J., and Dranginis and Bishop, Js.

Submitted on briefs September 16—officially released November 26, 2002

*Jeffrey I. Dontigney*, pro se, the appellant (plaintiff), filed a brief.

*Janis C. Jerman* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The pro se plaintiff, Jeffrey I. Dontigney, appeals from the summary judgment rendered by the trial court in favor of the defendant, Clinton Roberts. The plaintiff claims, inter alia, that the court acted improperly in concluding that his action was barred under the doctrine of res judicata and, therefore, should not have granted the defendant's motion for summary judgment. We disagree and affirm the judgment of the trial court.

In reviewing the plaintiff's claim that the court acted improperly in granting the defendant's motion for summary judgment, we recognize that "[i]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Jackson* v. *R. G. Whipple, Inc.*, 225 Conn. 705, 712, 627 A.2d 374 (1993). We recognize also that summary judgment is the appropriate method for resolving a claim of res judicata. See id. ("[b]ecause res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment was the appropriate method for resolving a claim of res judicata"). "Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim." (Internal quotation marks omitted.) *Milford* v. *Andresakis*, 52 Conn. App. 454, 460, 726 A.2d 1170, cert. denied, 248 Conn. 922, 733 A.2d 845 (1999).

In the present case, the court, in granting the motion for summary judgment, concluded that the present action was barred under res judicata by a final judgment in a small claims action that the plaintiff had commenced against the defendant. In so doing, the court

stated: "Contrary to the plaintiff's assertion, the small claims session of the Superior Court is a court of competent jurisdiction for purposes of res judicata. *Orselet* v. *DeMatteo*, 206 Conn. 542, 539 A.2d 95 (1988). The principle of res judicata bars relitigation of claims which were brought or could have been brought in the first action and extinguishes the plaintiff's rights to remedies against the defendant with respect to any part of the transaction or series of connected transactions out of which the original action arose. Id., 545. I have examined the small claims record and the pleadings in this case and conclude that this action is barred by res judicata."

The evidence, when viewed in the light most favorable to the plaintiff, supports the court's decision.[1] In his small claims action against the defendant, the plaintiff, in his complaint, alleged that the defendant had breached a contract, defrauded him and violated his human rights and civil rights. The small claims court held a trial and, afterward, concluded (1) that the plaintiff did not have standing to bring a breach of contract claim against the defendant because the plaintiff was not a party to the contract at issue and (2) that "the plaintiff [had] failed to prove, by a fair preponderance of the evidence, any other claim." The complaint in the plaintiff's present action against the defendant is similar to the small claims complaint except that it includes additional claims arising out of the same alleged transaction. We conclude that the court acted properly in rendering summary judgment in favor of the defendant

[1] Briefly, the facts of this case are as follows. The plaintiff was an inmate at the MacDougall-Walker correctional institution who sought to receive the services of the defendant, a sentencing consultant. The plaintiff's aunt sent the defendant a check for $1000. Subsequently, the plaintiff no longer wanted to avail himself of the defendant's services. The defendant returned $600 to the plaintiff's aunt, as it determined that it had provided $400 worth of services. The plaintiff then filed a small claims action seeking the return of the $400.

on the basis of res judicata. See id., 545 ("'[i]f the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made' "); see also Practice Book § 24-28 ("[e]xcept as provided in Section 24-31, the judgments and decisions rendered in the small claims session are final and conclusive. [See General Statutes § 51-197a]").

We decline to review the plaintiff's remaining claims because they either are unintelligible or briefed inadequately.

The judgment is affirmed.