# ABEL RODRIGUEZ *v.* STEVEN SAUCIER ET AL.
## (AC 29024)

Flynn, C. J., and McLachlan and Pellegrino, Js.

Argued March 31—officially released June 24, 2008

*Ramiro Alcazar*, for the appellant (plaintiff).

*Paula N. Anthony*, office of the corporation counsel, for the appellees (defendants).

*Opinion*

PELLEGRINO, J. The plaintiff, Abel Rodriguez, appeals from the judgment of the trial court rendered following the granting of the defendants'[1] motion for summary judgment. The issue on appeal is whether the court properly determined that the plaintiff's action was barred by the doctrine of collateral estoppel. We affirm the judgment of the trial court.

The facts of this case are not in dispute. The underlying claims arise from an automobile accident that occurred in Waterbury on July 12, 2004. The plaintiff, while operating his motor vehicle, came into contact with an automobile owned by the city of Waterbury (city) and driven by Steven Saucier, a Waterbury police officer. On July 6, 2006, the city filed an action in the small claims session of the Superior Court against the plaintiff, seeking recovery for property damage to the police cruiser involved in the accident.

Shortly thereafter, the plaintiff instituted the action on which this appeal is based on the regular docket of the Superior Court, alleging that he had sustained personal injuries in the July 12, 2004 accident. His complaint alleged that Saucier, while acting within the scope of his employment, negligently operated the police

---

[1] The defendants are Steven Saucier and the city of Waterbury.

cruiser and that the city is liable for damages pursuant to General Statutes §§ 7-465 and 52-557n.[2]

On October 6, 2006, the plaintiff filed an answer and counterclaim for personal injuries in the city's small claims action. His answer incorporated by reference his complaint in the civil action. On February 20, 2007, the small claims court found that the plaintiff was at fault for the accident and awarded damages to the city. The court dismissed the plaintiff's counterclaim because there was no evidence to support it.

On April 30, 2007, the defendants filed a motion for summary judgment in the plaintiff's action. The motion claimed that, as a matter of law, the plaintiff's claim was barred by the equitable doctrines of res judicata or collateral estoppel. The court granted the defendants' motion on the basis of collateral estoppel. This appeal followed.

We begin by setting forth the applicable standard of review. "[T]he issue of whether principles of res judicata and collateral estoppel are applicable to a particular set of facts is a question of law over which an appellate court's review is plenary." *Ammirata* v. *Zoning Board of Appeals*, 264 Conn. 737, 744–45, 826 A.2d 170 (2003). "The common-law doctrine of collateral estoppel, or issue preclusion, embodies a judicial policy in favor of judicial economy, the stability of former judgments and finality. . . . Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue

---

[2] The plaintiff's complaint alleged that Saucier "was driving and operating a vehicle, owned by [the] defendant [c]ity of Waterbury, acting as a police officer with the Waterbury [p]olice [d]epartment and acting in the performance of his duties, and within the scope of his employment." The plaintiff's complaint did not allege that Saucier was liable in his individual capacity for wanton or reckless conduct, and, accordingly, we find that the city of Waterbury is the real party in interest in this case, as it was in the small claims action. See General Statutes § 52-557n.

was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." (Citations omitted; internal quotation marks omitted.) *Lafayette* v. *General Dynamics Corp.*, 255 Conn. 762, 772, 770 A.2d 1 (2001).

"Because these doctrines are judicially created rules of reason that are enforced on public policy grounds . . . [our Supreme Court has] observed that whether to apply either doctrine in any particular case should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim. . . . These [underlying] purposes are generally identified as being (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. . . . The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . . Stability in judgments grants to parties and others the certainty in the management of their affairs which results when a controversy is finally laid to rest." (Citation omitted; internal quotation marks omitted.) *Powell* v. *Infinity Ins. Co.*, 282 Conn. 594, 601–602, 922 A.2d 1073 (2007).

The plaintiff first claims that the doctrine of collateral estoppel is inapplicable because of the unavailability of appellate review of small claims judgments. We reject this argument when, as here, the plaintiff *elected to*

*litigate* in a small claims proceeding. Furthermore, beyond that fact, the small claims session of the Superior Court is a court of competent jurisdiction for purposes of collateral estoppel. See, e.g., *Isaac* v. *Truck Service, Inc.*, 253 Conn. 416, 420–21, 428–29, 752 A.2d 509 (2000); *Dontigney* v. *Roberts*, 73 Conn. App. 709, 710–12, 809 A.2d 539 (2002), cert. denied, 262 Conn. 944, 815 A.2d 675 (2003); but see *Isaac* v. *Truck Service, Inc.*, supra, 416 (questioning whether issue preclusion applies when review unavailable).

Moreover, we find that the plaintiff's actions in this case result in the unavailability of appellate review because he elected to bring his claims as counterclaims in the city's small claims action. He was not required to do this, as Connecticut has no compulsory counterclaims. See *Lowndes* v. *City National Bank*, 79 Conn. 693, 696, 66 A. 514 (1907) ("[w]hile the law encourages, it does not compel, the settlement of all controversies between the same parties by a single action"). The plaintiff, therefore, voluntarily elected to utilize the small claims session to seek adjudication of his rights, rather than proceeding with his independent cause of action.

Furthermore, if the plaintiff had wanted to litigate his claims with the city in a single proceeding, he had the option to move the small claims action to the regular docket of the Superior Court. See Practice Book § 24-21. "[W]here the parties have litigated to final judgment a small claims action . . . it fairly may be assumed that they have chosen to do so because the goals of inexpensive, prompt, informal and final adjudication were consistent with their goals in resolving their particular dispute." *Isaac* v. *Truck Service, Inc.*, supra, 253 Conn. 427. The plaintiff cannot now, after electing to proceed in the small claims session and forgoing his ability to appeal, assert that the absence of the ability to appeal renders the doctrine of collateral estoppel inapplicable. To permit such a result would grant the plaintiff a second bite of the apple. Accordingly, we

conclude that the doctrine of collateral estoppel is applicable in this case. The plaintiff also claims that the court improperly rendered summary judgment because an exception to the doctrine of collateral estoppel is applicable in this case. Specifically, the plaintiff claims that a prior small claims judgment for property damage does not bar a subsequent action for personal injuries arising out of the same accident. See id., 416. We disagree.

In *Isaac* v. *Truck Service, Inc.*, supra, 253 Conn. 416, our Supreme Court held that "where the parties litigate to judgment, on the small claims docket, a claim for property damage to a motor vehicle arising out of a motor vehicle accident, that judgment will not bar a subsequent action, on the regular docket, for personal injuries arising out of the same accident." Id., 422. The court's holding was based, in part, on the fact that the amount of the property damage claim in automobile accidents typically will be ascertained much sooner than the ultimate value of the personal injury claim. Id., 423. Accordingly, public policy favors the prompt resolution of the property damage claims through the small claims process. Id., 424. In light of the limited amount of money involved, the ability of the plaintiff to forgo the small claims process and the option of the defendant to transfer the action to the regular docket, the court found that "where the parties have litigated to final judgment a small claims action for property damage arising out of an automobile accident, it fairly may be assumed that they have chosen to do so because the goals of inexpensive, prompt, informal and final adjudication were consistent with their goals in resolving their particular dispute." Id., 427. The court concluded that "the doctrine [of collateral estoppel] does not apply to a claim for personal injuries arising out of an automobile accident, filed on the regular docket of the Superior Court, where the parties have litigated the question of property damage arising out of the same

accident on the small claims docket of the court." Id., 420.

The plaintiff argues that *Isaac* is analogous to the present case. We do not agree. Unlike in *Isaac*, the plaintiff in the present case had the opportunity, during the small claims action, to litigate fully and fairly all of the issues that his current action seeks to raise. By incorporating his entire complaint from the present case into his counterclaim in the small claims action, he raised the same issues in the small claims action that he is trying to raise in this case.[3] The current case, therefore, is not a subsequent action as contemplated by *Isaac* but, rather, a concurrent action that was already litigated in the small claims court. Because the small claims court dismissed the plaintiff's counterclaim after he had the opportunity fully and fairly to litigate it, he cannot relitigate the same claim on the regular docket. Accordingly, his claim is barred by the doctrine of collateral estoppel.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] Although not raised by the plaintiff before the trial court or on appeal, a claim against Saucier in his individual capacity might not be barred by the doctrine of collateral estoppel because Saucier was not a party to the small claims action giving rise to the preclusive judgment on which our decision is based. We conclude, however, that the plaintiff's complaint only alleged that Saucier was negligent while acting within the scope of his employment and does not state a claim that he is liable in his individual capacity. See footnote 2.