236 P.3d 1194

**Bonnie CLUSIAU,**
**Plaintiff/Counterdefendant/Appellee,**

v.

**CLUSIAU ENTERPRISES, INC.,**
**Defendant/Counterclaimant/Appellant.**

**No. 1 CA–CV 09–0300.**

Court of Appeals of Arizona,
Division 1, Department D.

July 8, 2010.

Brian K. Stanley, Phoenix, Attorney for Defendant/Counterclaimant/Appellant.

Hoopes & Adams, PLC By John R. Hoopes, Patricia A. Alexander, Chandler, Attorneys for Plaintiff/Counterdefendant/Appellee.

## OPINION

JOHNSEN, Judge.

¶ 1 We hold under the circumstances presented that a judgment rendered in a small claims case is not entitled to collateral estoppel effect in a subsequent action in superior court.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Bonnie Clusiau is the widow of Arthur Clusiau, the founder of Clusiau Enterprises, Inc. ("CEI"). According to the record, shortly before he died in 1986, Arthur agreed on behalf of CEI to pay Bonnie $350 a month until her death, and CEI made regular payments to Bonnie for 20 years thereafter. The payments ceased, however, in October 2006.

¶ 3 In September 2007, Bonnie filed a complaint against CEI in San Marcos Justice Court alleging breach of contract. The current president and sole shareholder of CEI, Carole Clusiau, who we are told is Bonnie's "step daughter-in-law," answered on behalf of the company, denying liability. After a trial in which both Bonnie and Carole appeared, a hearing officer found in Bonnie's favor and awarded her $2,400 in damages.

¶ 4 In May 2008, Bonnie filed a second small claims action against CEI in which she alleged the company failed to make the monthly installments due her from October 2007 through April 2008. This time represented by counsel, CEI answered the complaint, denied liability and filed a counterclaim in which it alleged that by seeking to enforce the alleged contract, Bonnie had interfered with a business expectancy, breached the peace and caused severe emotional

distress.[1] The counterclaim sought damages of "no less than $50,000." Because the counterclaim exceeded the jurisdiction of the justice court, *see* Arizona Revised Statutes ("A.R.S.") section 22–201(G) (Supp.2009), the action was transferred to superior court.

¶ 5 Bonnie moved to dismiss the counterclaim pursuant to Arizona Rule of Civil Procedure 12(b)(6) and for summary judgment on her claim against CEI. She argued that because her complaint "alleged the same material facts" that were decided in the small claims action the year before, collateral estoppel barred CEI from contesting liability. She also argued the counterclaim should be dismissed because it was a compulsory counterclaim that was barred because CEI failed to assert it in the 2007 small claims court action. *See* Arizona Rule of Civil Procedure 13(a).

¶ 6 The superior court granted Bonnie's motion for summary judgment and dismissed the counterclaim.[2] After denying CEI's motion for reconsideration, the court entered judgment in favor of Bonnie for $2,450 plus attorney's fees and costs. CEI timely appealed. We have jurisdiction pursuant to A.R.S. § 12–2101(B) (2003).

## DISCUSSION

### A. Standard of Review.

¶ 7 Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(c). We review a grant of summary judgment *de novo* and may affirm if entry of summary judgment is correct for any reason. *City of Tempe v. Outdoor Sys., Inc.*, 201 Ariz. 106, 111, ¶ 14, 32 P.3d 31, 36 (App.2001). We view the facts and all reasonable inferences in favor of the party against which summary judgment was granted. *Angus Med. Co. v.*

*Digital Equip. Corp.*, 173 Ariz. 159, 162, 840 P.2d 1024, 1027 (App.1992).

¶ 8 Although the superior court did not explain its reasoning (the parties did not ask it to do so), we agree with the parties that, based on the arguments raised in superior court and on appeal, the dispositive issue is whether the current action is barred by collateral estoppel. This is a question of law we review *de novo*. *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 8, 62 P.3d 966, 968 (App.2003).

### B. Collateral Estoppel Does Not Apply Under The Circumstances Presented.

#### 1. General principles.

¶ 9 Collateral estoppel prevents relitigation of an issue that was "actually litigated in a previous proceeding" if the parties had "a full and fair opportunity and motive to litigate the issue," "a valid and final decision on the merits" was entered, "resolution of the issue [was] essential to the decision," and the proceedings share a "common identity of the parties." *Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 514, ¶ 9, 990 P.2d 1069, 1073 (App.1999); *see also* Restatement (Second) of Judgments ("Restatement") § 27 (1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.").

¶ 10 There is no dispute that the 2007 small claims court judgment constituted a "valid and final decision on the merits," resolution of Bonnie's contract claim was essential to that action and the parties to the 2008 action were present in the 2007 case. The issue is whether CEI had a "full and fair opportunity and motive to litigate" in the

---

1. CEI's counterclaim, which did not identify Carole as a party to the suit, alleged that by filing her complaint, Bonnie caused "defamation or impairment of reputation and standing, credit rating, emotional distress and disturbance, including temporary fright, nervous shock, nausea, grief, rage, and humiliation, continued nausea or headaches, mental or physical illness, bodily harm, continued mental disturbance, including repeated hysterical attacks, or mental aberration, and other illness or bodily injury." The counterclaim did not explain how, as a corporation, CEI had sustained these injuries due to Bonnie's lawsuit.

2. On appeal, CEI does not contest the dismissal of its counterclaim.

2007 action. Restatement § 28 sets out factors that guide that determination. In relevant part, it states:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded ... [when]
>
> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or
>
>         \*       \*       \*
>
> (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them.

Restatement § 28; *see generally Elia v. Pifer*, 194 Ariz. 74, 81, ¶ 34, 977 P.2d 796, 803 (App.1998) (applying Restatement in the absence of contrary case law). Relying on this provision, CEI argues that the 2007 small claims court judgment is not entitled to collateral estoppel effect because it was not appealable and because small claims court proceedings lack formalities available in superior court.

### 2. Litigation in small claims court.

¶ 11 In Arizona, "small claims court" is a division of the justice court. A.R.S. §§ 22-501 (2002), -502 (2002). Small claims court "has concurrent original jurisdiction with the justice court," *inter alia*, over civil actions involving claims not exceeding $2,500. A.R.S. § 22-503(A) (2002). Small claims court procedures are designed to "allow the inexpensive, speedy and informal resolution of small claims." A.R.S. § 22-501. There is no right to a jury; matters are decided either by a justice of the peace or by a hearing officer. A.R.S. §§ 22-518 (2002), -516(A) (2002). A justice of the peace need not be a

lawyer, *Massey v. Bayless*, 187 Ariz. 72, 74, 927 P.2d 338, 340 (1996), and the only statutory qualifications of a hearing officer are that he or she "shall be of good moral character and shall be a qualified elector and resident" of the state, A.R.S. § 22-506(B) (2002).[3]

¶ 12 Absent agreement of both sides, attorneys are not permitted to appear on behalf of parties in small claims court. A.R.S. § 22-512(B), (C) (2002). Individuals represent themselves, and a corporation may be represented by a "full-time officer or authorized employee." A.R.S. § 22-512(B)(1), (4). Once a complaint is filed, proceedings move quickly: A hearing shall be set within 60 days of the filing of the answer to the complaint and shall be continued "only for most serious reasons." A.R.S. § 22-515(A), (C) (2002). Accordingly, pretrial procedures in small claims court are scant: The only pretrial motion allowed is a motion for change of venue, A.R.S. § 22-505(B) (2002), and "[d]iscovery proceedings shall not be used." A.R.S. § 22-516(B) (2002). Neither the Rules of Civil Procedure nor the Rules of Evidence (with the exception of statutory privileges) apply. A.R.S. § 22-516(A). Rather, the trial "shall [be] conduct[ed] ... in such a manner to do justice between the parties" and "[a]ny evidence deemed material, relevant and competent may be admitted." *Id.*

¶ 13 There is no right of appeal from a judgment entered in small claims court. A.R.S. § 22-519 (2002) ("the decision of the hearing officer or justice of the peace shall be final and binding on both parties"). A defendant served with a small claims court complaint, however, may protect its right of appeal by transferring the case to justice court. A.R.S. § 22-504(A) (2002).[4] When a counterclaim exceeding the jurisdictional limits of small claims court is filed, the matter automatically is transferred to justice court

---

**3.** Hearing officers are appointed by the presiding judge of the superior court and serve without pay. A.R.S. § 22-506(A), (D).

**4.** The statute grants this right to anyone "whose rights are or may be adjudicated by" an action pending in small claims court. A.R.S. § 22-504(A). The same statute requires that a com-

plaint served in a small claims court action shall contain a bold-faced warning that a decision in a small claims court case is not appealable, and that parties may elect to have the case transferred to justice court if they "wish to preserve [their] right to appeal." A.R.S. § 22-504(B).

or superior court. A.R.S. § 22–517(A) (2002).

### 3. Collateral estoppel does not apply in these circumstances.

¶ 14 Pursuant to Restatement § 28(1), the absence of a right of review may preclude a judgment from gaining collateral estoppel effect. As a comment to the Restatement explains, "the availability of review for the correction of errors has become critical to the application of preclusion doctrine." Restatement § 28 cmt. a; *see also State v. One Single Family Residence at 1810 E. Second Ave., Flagstaff, Ariz.,* 193 Ariz. 1, 6–7, 969 P.2d 166, 171–72 (App.1997) (declining to apply collateral estoppel to criminal sentence because State could not have appealed the sentence); *S. Leasing Corp. v. Tufts,* 167 Ariz. 133, 134–35, 804 P.2d 1321, 1322–23 (App.1991) (federal court remand order would not be given preclusive effect because it was not appealable); *cf. Elia,* 194 Ariz. at 81, ¶ 34, 977 P.2d at 803 (because contempt citation was subject to review by special action, it would be given preclusive effect).[5] Applying this principle, the Washington court of appeals refused to give collateral estoppel effect to a small claims court judgment solely because it was not appealable. *State Farm Mut. Auto. Ins. Co. v. Avery,* 114 Wash.App. 299, 57 P.3d 300, 306 (2002) ("Most jurisdictions follow this rule."). Under these authorities, the fact that CEI was precluded by law from appealing the 2007 judgment argues against giving that judgment preclusive effect.

¶ 15 Likewise, pursuant to Restatement § 28(3), collateral estoppel does not apply when "warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them." As described above, the procedures afforded parties in small claims court are far

less extensive than those available in superior court. A party to a small claims case has no right to pretrial discovery, and a defendant may not test the legal sufficiency of the claims until after judgment is entered. *Cf.* A.R.S. § 22–505(B) (permitting motion to vacate judgment entered in small claims court). Absent agreement, parties may not be represented by counsel in small claims court, and the Rules of Evidence and the Rules of Civil Procedure generally do not apply. And, of course, the justice of the peace or hearing officer who presides over the trial in small claims court may not be a member of the State Bar.

¶ 16 All this is not to say that justice is not served in small claims court. To the contrary, the speedy, informal, inexpensive and uncomplicated manner in which that court resolves matters within its jurisdictional limits serves very well the needs of thousands of disputants each year.[6]

¶ 17 Those same limited rights and informal procedures, however, are not designed to accommodate resolution of disputes worth significantly more than the limits of the small claims court's jurisdiction, and may not be appropriate for such disputes. As the Restatement cautions:

> [T]he procedures available in the first court may have been tailored to the prompt, inexpensive determination of small claims and thus may be wholly inappropriate to the determination of the same issues when presented in the context of a much larger claim.... The question in each case should be resolved in the light of the nature of litigation in the courts involved and the legislative purposes in allocating jurisdiction among the courts of the state.

Restatement § 28 cmt.d.

¶ 18 By way of illustration, the Restatement provides that a finding of negligence in a property damage action may have preclusive effect if rendered by a court with a

---

5. The United States Supreme Court has noted that although the availability of an appeal is not "always an essential predicate of estoppel," "confidence that the result achieved in the initial litigation was substantially correct ... is often unwarranted" when appellate review is absent. *Standefer v. U.S.,* 447 U.S. 10, 23 n. 18, 100 S.Ct. 1999, 64 L.Ed.2d 689 (1980).

6. According to data published by the Administrative Office of the Courts, small claims courts throughout Arizona resolved 32,723 cases during fiscal year 2009. Of that total, small claims courts in the 25 justice courts in Maricopa County resolved 23,853 cases.

jurisdictional limit of $2,000 that applies "rules ... substantially the same as those in courts of general jurisdiction." *Id.* illus. 6. By contrast, however, no preclusive effect should be afforded a judgment entered in a court with a jurisdictional limit of $500 "which operates informally without pleadings, counsel, or rules of evidence." *Id.* illus. 7; *see Village Supply Co. v. Iowa Fund, Inc.,* 312 N.W.2d 551, 554 (Iowa 1981) ("Giving preclusive effect to small claims adjudications in subsequent regular district court trials would be inconsistent with maintaining the simplicity and informality of small claims procedures."); *Henriksen v. Gleason,* 263 Neb. 840, 643 N.W.2d 652, 657 (2002) ("Given these procedural differences, we believe it is inappropriate to give any issue preclusive effect to any small claims court judgment in a later proceeding brought in county or district court."); *Cold Springs Farm Dev., Inc. v. Ball,* 163 Vt. 466, 661 A.2d 89, 91–92 (1995) (citing informality of small claims court procedures in declining to grant preclusive effect to small claims court judgment).

¶ 19 The Restatement also warns that collateral estoppel may not be appropriate due to "factors relating to the allocation of jurisdiction between" the two courts. Restatement § 28(3). In Arizona, disputes worth more than $2,500 may not be litigated in small claims court. That means a defendant haled into small claims court knows that by invoking that court's jurisdiction, the plaintiff has acknowledged that his or her claim is worth no more than $2,500. Thus, in her 2007 action, Bonnie could not have asked the small claims court to enter an order declaring CEI liable for more than seven monthly payments of $350; any additional payments in that amount would have exceeded the court's $2,500 jurisdictional limit.

¶ 20 Granting collateral estoppel effect to the 2007 judgment in this case would effectively expand the jurisdiction of the small claims court far in excess of its statutory limit. That is because the key allegation in Bonnie's complaint—that CEI had agreed to pay her $350 a month until her death—theoretically could have supported a claim for years of past-due monthly payments (or for a declaration of future liability terminating only upon Bonnie's death). According preclusive effect to the 2007 judgment Bonnie obtained in small claims court would permit her to recover many times over the jurisdictional limit of that court by filing a complaint in superior court and arguing that any defense CEI might have to the claim is precluded by the 2007 judgment.

¶ 21 Bonnie argues, however, that CEI was not bound in 2007 to litigate in small claims court, but could have chosen to transfer the matter to justice court, where the company would have enjoyed the benefits of more robust procedures and rules, including a right of appeal.

¶ 22 A plaintiff may elect to bring a claim not exceeding $2,500 either in small claims court or in justice court, A.R.S. § 22–503(A), and, as we have said, a defendant sued in small claims court may choose to transfer the matter to justice court, A.R.S. § 22–504(A). Justice court litigants may retain counsel to appear on their behalf and also enjoy the benefits of more formal procedures and other rights not afforded to parties in small claims court. *See, e.g.,* A.R.S. §§ 22–211 (2002) ("law governing procedure and practice in the superior court so far as applicable and when not otherwise specially prescribed, shall govern procedure and practice in justice of the peace courts"); –220(B) (2002) (right to demand a jury trial); –261(A) (2002) (party aggrieved by judgment exceeding $20 entered in justice court may appeal to the superior court).

¶ 23 The fact is, however, that many small claims court actions simply do not justify the expense of resources, including attorney's fees and other costs, of pretrial discovery and motion practice, trial by jury and post-trial procedures, including appeals, that are available upon a transfer of a small claims action to justice court. To be sure, a party sued in small claims court may choose to incur the expense of counsel and the other costs of a jury trial by transferring the action to justice court. But a defendant in a small claims court action should not be compelled to incur those expenses simply because of the possibility that the judgment in that case might have preclusive effects in a future lawsuit brought in a court with much greater juris-

dictional limits. Even in a situation such as this, in which a complaint filed in small claims court alleges a legal right that if filed in another forum might give rise to damages in excess of the jurisdictional limits of the small claims court, a defendant may decide for any number of reasons not to transfer the matter to justice court or even to mount a full-scale defense of the claim in small claims court.

¶ 24 Put simply, our state invites litigants to resolve disputes worth $2,500 or less in small claims court with a minimum of expense and formal procedure. We decline to adopt a rule that when a defendant accepts that invitation, it may risk depriving itself of the benefits of the greater procedures and rights that may be available in a subsequent (presumably larger) lawsuit involving the same issue. *See Isaac v. Truck Service, Inc.*, 253 Conn. 416, 752 A.2d 509, 516 (2000) (property damage judgment entered in small claims court after auto accident does not preclude subsequent personal injury action; "where the parties have litigated to final judgment a small claims action ... it fairly may be assumed that they have chosen to do so because the goals of inexpensive, prompt, informal and final adjudication were consistent with their goals in resolving their particular dispute").

¶ 25 Other courts have decided that a small claims court judgment may be entitled to collateral estoppel effect. For the most part, however, the courts in those cases have failed to consider the factors recited in Restatement § 28. *See, e.g., Lockwood v. Prof'l Wheelchair Transp., Inc.*, 37 Conn.App. 85, 654 A.2d 1252, 1259 (1995), *and Weaver v. Grafio*, 595 A.2d 983, 987–88 (D.C.1991). Bonnie cites *Hindmarsh v. Mock*, 138 Idaho

92, 57 P.3d 803, 806 (2002), but we simply disagree with the conclusion of the court in that case that "[t]here is no compelling reason ... to create an exception" to preclusion in the case of a judgment rendered by a small claims court.

¶ 26 By this decision, we do not foreclose the possibility that a small claims court judgment may be afforded collateral estoppel effect under different circumstances.[7] Under the circumstances presented here, however, the judgment Bonnie received in the small claims court in 2007 is not entitled to collateral estoppel effect in the current action pending in superior court.[8]

## CONCLUSION

¶ 27 We reverse the judgment and remand for further proceedings consistent with this Opinion. We deny both parties' requests for attorney's fees without prejudice to their right to seek the fees incurred in this appeal at the conclusion of the action in the superior court. We award CEI its costs on appeal subject to compliance with Arizona Rule of Civil Appellate Procedure 21.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge, and JON W. THOMPSON, Judge.

**7.** We address in this case only the issue of whether collateral estoppel may apply to a judgment entered against a defendant sued in small claims court. Some courts have concluded these same considerations may not apply when the small claims judgment is adverse to the plaintiff in that case. *See Pitzen v. Superior Court*, 120 Cal. App.4th 1374, 16 Cal.Rptr.3d 628, 637 (2004) (collateral estoppel may apply to an issue decided against the plaintiff in a small claims action but not one decided against defendant if statute does not permit defendant to transfer action to another court); *see also Rodriguez v. Saucier*, 108 Conn.App. 599, 948 A.2d 1067, 1070–71 (2008)

(distinguishing *Isaac*, holding that when party sued in small claims court chooses to bring a counterclaim in that court, subsequent adverse judgment bars him from litigating same issue in superior court). We express no opinion about the application of collateral estoppel in such a case.

**8.** Because Bonnie's motion for summary judgment did not argue the merits of her claims, we decline the parties' invitations to consider those issues in this appeal.