IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JAMES FELIX GARCIA, *Petitioner/Appellee,*

*v.*

SYDNEY DANIELLE VALLON, *Respondent/Appellant.*

No. 1 CA-CV 25-0177 FC

FILED 11-18-2025

Appeal from the Superior Court in Maricopa County
No. FC2024-003721
The Honorable Lauren R. Guyton, Judge

**VACATED AND REMANDED**

COUNSEL

Novo Law PLLC, Chandler
By Caitlin L. Andrade
*Counsel for Respondent/Appellant*

James Felix Garcia, Buckeye
*Petitioner/Appellee*

---

## OPINION

Presiding Judge Paul J. McMurdie delivered the Court's opinion, in which Judge Samuel A. Thumma and Judge Kent E. Cattani joined.

---

**M c M U R D I E**, Judge:

¶1 Sydney Danielle Vallon ("Mother") appeals from the superior court's judgment awarding James Felix Garcia ("Father") joint legal decision-making and equal parenting time for the parties' child. We vacate the judgment and remand for the court to consider the statutory presumptions after a domestic violence finding.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Father discovered he had a child with Mother when the child was about five. After Father learned of the child, the parties began a parenting arrangement. In June 2024, during a parenting exchange, Father was arrested for a domestic violence assault against Mother.

¶3 Mother petitioned for a protective order against Father the next day.[1] The court granted a protective order prohibiting Father from contacting Mother or the child. Father requested a hearing, and on October 15, 2024, Mother and Father participated in a contested evidentiary hearing about the protective order. At the hearing, Father did not dispute the domestic violence toward Mother but asked the court to remove the child from the protective order. The court removed the child from the protective order, allowing Father to have contact with the child. The court entered the mandatory protective order form, stating it found "reasonable cause to believe that [Father] may commit an act of domestic violence or has committed an act of domestic violence within the past year." *See* Ariz. R. Protective Order P. 13(a) ("All courts and parties must use only those protective order forms adopted by the Arizona Supreme Court."). In the minute entry from the October 15 hearing continuing the protective order,

---

[1] We take judicial notice of the record in the protective order case. *See In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000) (An appellate court may take judicial notice of other actions tried in the same court.).

the court found "by a preponderance of the evidence that there is reasonable cause to believe that [Father] has committed an act of domestic violence within the last year." Father did not appeal the order.

**¶4**        About a month after the court issued the June 2024 protective order, Father petitioned the superior court to establish legal decision-making and parenting time for the child, requesting equal parenting time and joint legal decision-making. The superior court held an evidentiary hearing on the parenting matters on October 16, 2024, the day after the contested protective order hearing. During the parenting trial, Mother asked the court to take judicial notice of the protective order, and the court did so.

**¶5**        Three weeks later, the court awarded joint legal decision-making and equal parenting time to the parties. The court found Mother "failed to establish any of the three categories of domestic violence." *See* A.R.S. § 25-403.03(D) (listing three acts as acts of domestic violence for the subsection). While the court acknowledged the protective order, it found that the instance giving rise to the protective order did not "show that Father, 'engage[d] in a pattern of behavior,' as contemplated by the law." *See* A.R.S. § 25-403.03(D)(3) (An act of domestic violence includes "engag[ing] in a pattern of behavior" which could allow for an order of protection.).

**¶6**        Mother moved to amend the parenting order, claiming the domestic violence finding in the protective order precluded the court from finding in the parenting judgment that no domestic violence occurred. At a hearing on the motion to amend the parenting judgment, Mother asked the court to take judicial notice of the entire protective order record, including the minute entry from the hearing that stated an act of domestic violence had occurred. The court affirmed the parenting judgment, noting that it took judicial notice of the actual protective order, which "did not state that the [c]ourt had found an act of domestic violence."

**¶7**        Mother appealed, and we have jurisdiction under the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(1).

## DISCUSSION

**¶8**        Mother challenges the court's parenting order, its finding of no domestic violence, and its failure to apply required statutory presumptions after finding an act of domestic violence. Because the

domestic violence issue is dispositive, we do not reach Mother's other arguments.

**¶9**     We review the superior court's award of legal decision-making and parenting time for an abuse of discretion. *Gish v. Greyson*, 253 Ariz. 437, 444, ¶ 31 (App. 2022). We review the court's conclusions of law *de novo*. *Id.*

**¶10**     "The relationship between domestic violence and legal decision-making is governed primarily by A.R.S. § 25-403.03." *In re Marriage of Morris & Mandel*, 255 Ariz. 158, 162, ¶ 15 (App. 2023). If a court finds a parent has committed domestic violence, the court *must* consider that finding contrary to the child's best interests. A.R.S. § 25-403.03(B). The parent found to have committed domestic violence then *must* prove "to the court's satisfaction that parenting time will not endanger the child or significantly impair the child's emotional development." A.R.S. § 25-403.03(F). And if a parent seeking legal decision-making committed domestic violence against the other parent, there is a rebuttable presumption that awarding legal decision-making to that parent is against the child's best interests. A.R.S. § 25-403.03(D).

**¶11**     Mother argues the parenting court had to make a domestic violence finding because the protective order's finding is subject to issue preclusion. "Issue preclusion is a judicial doctrine that, when applicable, prevents a party from relitigating an issue of fact decided in a prior judgment," and we review its application *de novo*. *Hancock v. O'Neil*, 253 Ariz. 509, 512, ¶¶ 9-10 (2022).

**¶12**     A domestic violence finding in a protective order judgment raises issue preclusion in a parenting matter. *See Oleson v. Daniel*, 251 Ariz. 25, 30, ¶ 20 (App. 2021). Issue preclusion "prevents relitigation [1] of an issue that was actually litigated in a previous proceeding if [2] the parties had a full and fair opportunity and motive to litigate the issue, [3] a valid and final [judgment] on the merits was entered, [4] resolution of the issue [was] essential to the decision, and [5] the proceedings share a common identity of the parties." *Clusiau v. Clusiau Enters.*, 225 Ariz. 247, 249, ¶ 9 (App. 2010) (quotation omitted). Each element for issue preclusion was satisfied here, so the court erred by failing to enforce the previous domestic violence finding.

**¶13**     The allegations in the protective order petition make clear that the petition was based on behavior resulting in domestic violence. *See* A.R.S. §§ 13-1203 and -3601(A)(2) (Domestic violence crimes include assault

against the parent of a shared child.). For that reason, the issue of past domestic violence was essential to the order. The issue was actually litigated, as the court affirmed the order after a contested hearing. *Chaney Bldg. Co. v. City of Tucson*, 148 Ariz. 571, 573 (1986) ("When an issue is properly raised by the pleadings or otherwise, and is submitted for determination, and is determined, the issue is actually litigated."). Father had the opportunity and motive to litigate the domestic violence finding when he attended the contested hearing. A continued protective order after a contested hearing is a final judgment against the defendant. *See Vera v. Rogers*, 246 Ariz. 30, 36, ¶ 22 (App. 2018) ("An Order of Protection that is affirmed after a hearing at which both parties had an opportunity to appear is a final, appealable order." (cleaned up)) (citing Ariz. R. Protective Order P. 42(a)(2)); Ariz. R. Protective Order P. 42(a)(2) ("An Order of Protection . . . that is entered, affirmed, [or] modified . . . after a hearing at which both parties had an opportunity to appear" is appealable.). Father did not appeal the judgment in the protective order proceeding, meaning it is final. And the parties in the protective order and parenting cases were the same.

¶14 The superior court's focus on a domestic violence finding requiring a "pattern of behavior" was misplaced. That language appears in A.R.S. § 25-403.03(D)(3), which defines an act of domestic violence as "a pattern of behavior for which a court may issue an ex parte order to protect the other parent." When a parent engages in any behavior resulting in an act of domestic violence under A.R.S. § 13-3601(A), the definition in A.R.S. § 25-403.03(D)(3) is satisfied because, under A.R.S. § 13-3602(E)(2), the court may issue an order of protection based on a single past act of domestic violence. The definition in A.R.S. § 25-403.03(D)(3) is also satisfied when a court does, in fact, issue an *ex parte* protective order based on past behavior for the same reason.

¶15 Furthermore, the "pattern of behavior" definition applies only to legal decision-making, not to parenting-time arrangements. *See* A.R.S. § 25-403.03(D). Instead, for parenting time, the court must look at all relevant factors of domestic violence, including findings from another court. A.R.S. § 25-403.03(C). The court's focus on a pattern of behavior for parenting time was also error.

¶16 Because the parenting court did not find domestic violence, it failed to apply the presumption against joint legal decision-making or consider Father's burden to prove that parenting time would not endanger the child. *See* A.R.S. § 25-403.03(D), (F).

## CONCLUSION

¶17     We vacate the court's order about legal decision-making and parenting time and remand the case for further proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR