NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

15 UP-VW ENTERPRISES, LLC, *Plaintiff/Appellee,*

*v.*

JULIAN YANEZ LUNA, et al., *Defendants/Appellants.*

No. 1 CA-CV 25-0266

FILED 02-02-2026

---

Appeal from the Superior Court in Maricopa County
No. CV2022-006206
CV2023-092213
The Honorable Christopher Whitten, Judge

**AFFIRMED**

---

APPEARANCES

Evans, Dove, Nelson, Fish & Grier, PLC, Mesa
By Trevor J. Fish and Douglas N. Nelson
*Counsel for Plaintiff/Appellee*

Julian Yanez Luna, Phoenix
*Defendant/Appellant*

Sofia Cardoza Molina, Phoenix
*Defendant/ Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Anni Hill Foster and Chief Judge Randall M. Howe joined.

_____

**G A S S,** Judge:

¶1          Julian Luna and Sofia Molina (Luna and Molina) appeal the superior court's judicial foreclosure of their interests in a property. They argue they have a valid interest in the property because they bought it from Juan Vega and his wife. But Mr. Vega's purported sale was ineffective because 15 UP-VW, not Mr. Vega, held legal title to the property. The court thus affirms.

## FACTUAL AND PROCEDURAL HISTORY

I.     **The events leading up to this case began in December 2014 when 15 UP and the Vegas entered an Agreement For Sale.**

¶2          Under the Agreement, 15 UP did not transfer legal title to the Vegas. Instead, 15 UP agreed to transfer legal title to the Vegas if they made timely payments of the full balance over the next 30 years. The parties recorded the Agreement on January 15, 2015. Under the Agreement, the Vegas held the property as community property, and both signed the Agreement.

¶3          Section 12 of the Agreement restricted the Vegas' right to assign their contractual rights: "Purchaser shall not transfer, sell, or assign its interest in the Property or this Agreement without Seller's prior written consent." Section 11 of the Agreement also limited the Vegas' ability to transfer the property, saying:

> In the event Purchaser attempts to sell, trade, exchange or transfer Purchaser's interest in the Property, the entire unpaid balance of the Purchase Price, together with any other amounts owned by Purchaser under this Agreement, shall be immediately due and payable, unless Seller in its sole and absolute discretion authorizes such a transfer in writing.

II.     **About 2 years later, the Vegas divorced and Mr. Vega entered a Lease to Purchase Agreement with Luna and Molina for $110,000.**

2

¶4          When the Vegas divorced, the superior court ordered them to sell the property and equally split any net proceeds. Though the Vegas' community held the property, the Lease said Mr. Vega "is the fee owner" of the property and would deliver "a special warranty deed conveying title to the property" once Luna and Molina paid the entire $110,000. Mrs. Vega did not sign the Lease. And Mr. Vega did not inform 15 UP of or involve it in the Lease. Mr. Vega and Luna and Molina recorded the Lease on July 24, 2018.

¶5          About 4 years later (in 2022), Luna and Molina paid the entire $110,000. Mr. Vega then executed and recorded a quitclaim deed, purporting to convey his interest in the property over to Luna and Molina. Mr. Vega and Luna and Molina recorded that deed. After that, 15 UP learned of the Lease between Mr. Vega and Luna and Molina and sent the Vegas a written Notice of Default and Demand for Cure and later a written notice of acceleration under Section 11 of the Agreement. At that point, Luna and Molina sued the Vegas and 15 UP.

III.    **This appeal involves 2 consolidated superior court cases in Maricopa County: CV2022-006206 (the 2022 case) and CV2023-092213 (the 2023 case).**

    **A. In 2022, Luna and Molina sued the Vegas and 15 UP for declaratory judgment as to their interest in the property.**

¶6          In this appeal, Luna and Molina challenge the superior court's final judgment against them and in 15 UP's favor in the 2023 case. The court discusses the 2022 case to the extent that it affects the 2023 case because of claim and issue preclusion.

¶7          15 UP moved to dismiss the 2022 lawsuit. The superior court granted that motion, entered judgment against Luna and Molina, and awarded 15 UP attorney fees and costs. Luna and Molina filed a notice of appeal from the 2022 lawsuit judgment, but the court dismissed that appeal because Luna and Molina abandoned it. Luna and Molina took no action to reinstate their abandoned appeal.

        1.  **The superior court granted 15 UP's motion to dismiss, saying Luna and Molina had no interest in the property.**

¶8          In the final appealable judgment in the 2022 case, the superior court said:

3

> Plaintiffs [Luna and Molina] claim an equitable interest in the Property, but no interest in the Property (equitable or otherwise) was ever conveyed to them, as a matter of law. Plaintiffs [Luna and Molina] received and have no interest in the Property and have no legal basis to assert legal claims concerning the Property against 15 UP-VW.

¶9          In that judgment, the superior court also awarded 15 UP $32,336.00 in attorney fees and $267.75 in costs, with interest accruing at 9% per year. Though that judgment resolved all the issues between 15 UP and Luna and Molina, it did not resolve all claims for all parties. The superior court thus entered that final judgment under Rule 54(b), Arizona Rules of Civil Procedure.

### 2. The judgment in the 2022 case is final because Luna and Molina did not perfect their appeal of that judgment.

¶10          Luna and Molina filed a timely notice of appeal from the 2022 Rule 54(b) judgment. Because Luna and Molina did not pay the fee required under A.R.S. § 12-322.A, the court deemed that appeal abandoned. *See* A.R.S. § 12-322.A ("If the fee is not paid within ten days thereafter receiving notice, the appeal shall be deemed abandoned and the record returned to the court from which it came, and the judgment may be enforced as if no appeal had been taken."). Luna and Molina took no action to reinstate that appeal.

¶11          In the meantime, Luna and Molina moved to vacate the 2022 Rule 54(b) judgment in the superior court, which the superior court denied on January 8, 2024. Though Luna and Molina styled it as a motion under Rule 60, the superior court considered it a motion to reconsider its summary judgment ruling or vacate that judgment. Luna and Molina then moved for a New Trial under Rule 59, which the superior court denied as untimely.

### B. A little over 6 weeks after the superior court entered judgment in the 2022 case, 15 UP filed the 2023 case.

¶12          Luna and Molina moved to consolidate the 2022 and 2023 cases. The superior court consolidated the 2 cases because they involved some common issues and parties even though the superior court resolved all claims between Luna and Molina and 15 UP. In the 2023 case, 15 UP pursued 6 claims against Luna and Molina: judicial foreclosure, quiet title, constructive trust/declaratory relief, special action relief under A.R.S. § 33-

420.B/wrongful lien, ejectment from real property, and tortious interference with contract.

¶13        15 UP moved for summary judgment on its claims against Luna and Molina. As to Luna and Molina, the superior court granted summary judgment in 15 UP's favor on the breach of contract, breach of the duty of good faith and fair dealing, judicial foreclosure, wrongful lien, and ejectment.

¶14        The superior court's summary judgment ruling did not include monetary damages. Following the bench trial on damages, the superior court entered a final judgment but left 2 lines blank (1 for the award of attorney fees and 1 for the award of costs). Luna and Molina did not provide a transcript of the bench trial.

¶15        The superior court entered that judgment on February 21, 2025. 3 weeks later, 15 UP moved to correct the oversight. On the same day, the superior court issued a corrected final appealable judgment awarding 15 UP damages of $162,027.24, attorney fees of $49,700.00, and costs of $2,052.59. Between the February 21, 2025 judgment and the March 14, 2025 corrected judgment, Luna and Molina filed a notice of appeal from the February 21, 2025 judgment. On April 11, 2025, Luna and Molina timely filed notice of appeal from the corrected March 14, 2025 judgment. *See* Ariz. R. Civ. App. Proc. 9.

¶16        The court has jurisdiction over Luna and Molina's timely appeal in the 2023 case under Article VI, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21.A.1 and -2101.A.1.

## DISCUSSION

¶17        The court must ensure "litigants conform to an acceptable, minimal level of competency and performance and we owe this responsibility to the judiciary, the bar and, more importantly, to all litigants and the people as a whole." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). The court holds Luna and Molina, self-represented litigants, to the same standards as a lawyer and does not afford them special leniency. *Id.*

¶18        Luna and Molina raise 7 issues on appeal:

1. Is the Lease void under the Agreement's Section 12 restriction on the Vegas' right to assign their contractual rights: "Purchaser

shall not transfer, sell, or assign its interest in the Property or this Agreement without Seller's prior written consent"?

2. Because Section 12 of the Agreement did not say the Vegas' transfer without consent would void the transfer of any interest the Vegas had in the Property, can 15 UP void Mr. Vega's assignment in the Lease?

3. Did 15 UP's acceptance of payments from Luna and Molina create a material issue of fact about whether 15 UP waived the Agreement's Section 12 restriction on the Vegas' right to assign their contractual rights?

4. Did the superior court err in allowing 15 UP to foreclose on the Property and in awarding monetary damages based on the foreclosure?

5. Did the superior court have jurisdiction to correct the judgment to include attorney fees and costs after Luna and Molina filed their notice of appeal?

6. Did the superior court err when it included the attorney fees and costs awards from the March 29, 2023 final appealable judgment in the March 14, 2025 final appealable judgment?

7. Did the superior court err in awarding attorney fees against Luna and Molina under A.R.S. § 12-341.01 for 3 reasons: (1) Luna and Molina are not parties to the Agreement and 15 UP is not a party to the Lease; (2) Luna and Molina were not subject to liability under the Agreement; (3) Luna and Molina did not breach the Agreement?

Of the 7 issues, the first 4 fail because of claim or issue preclusion. The remaining 3 fail for other reasons.

¶19        Summary judgment is appropriate when the pleadings and items in the record "shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *accord Villa De Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, 94–5 ¶ 5 (App. 2011). "[I]f the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense[,]" then the superior court should grant summary judgment. *Orme Sch. v. Reeves*, 166

Ariz. 301, 309 (1990). The court reviews a grant of summary judgment *de novo*. *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Loc. No. 395 Pension Tr. Fund*, 201 Ariz. 474, 482 ¶ 13 (2002).

**¶20**　　　　As for damages following a bench trial, the court views the facts in the light most favorable to upholding the judgment. *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 417 ¶ 2 (App. 2010). The court accepts the superior court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Davis v. Zlatos*, 211 Ariz. 519, 523–24 ¶ 18 (App. 2005). The court reviews the superior court's conclusions of law *de novo*. *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 52 ¶ 12 (App. 2009). Because Luna and Molina argue the evidence does not support the superior court's judgment, they were responsible for filing any transcripts they wanted the court to consider. *See* Ariz. R. Civ. App. Proc. 11(c). They did not. They also did not ask the court to accept a video or audio recording of the proceedings under Rule 11(f), Arizona Rules of Civil Appellate Procedure. The court thus presumes the missing transcripts support the superior court's ruling. *See Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014).

**I.　　Claim preclusion and issue preclusion bar the first 4 of the 7 issues Luna and Molina raise because they abandoned their appeal in the 2022 case, so they have no interest in the Property and against 15 UP under the Agreement or the Lease.**

**¶21**　　　　The court reviews *de novo* the application of claim preclusion. *Banner Univ. Med. Ctr. Tucson Campus, LLC v. Gordon*, 252 Ariz. 264, 266 ¶ 8 (2022). Claim preclusion applies when a court of competent jurisdiction enters a judgment on the merits in an earlier case "and the matter now in issue between the same parties or their privities was, or might have been, determined in the" earlier case. *Hall v. Lalli*, 194 Ariz. 54, 57 ¶ 7 (1999). There must be "(1) a final judgment on the merits; and (2) a common identity of the parties, the capacity in which they appear, the subject matter, and the cause of action." *Matusik v. Ariz. Pub. Serv. Co.*, 141 Ariz. 1, 3 (App. 1984) (cleaned up).

**¶22**　　　　The court also reviews the application of issue preclusion *de novo*. *Hancock v. O'Neil*, 253 Ariz. 509, 512 ¶ 9 (2022). Issue preclusion "prevents a party from relitigating an issue of fact decided in a prior judgment." *Id.* ¶ 10. It prevents the following from being relitigated:

> [1] an issue that was actually litigated in a previous proceeding if [2] the parties had a full and fair opportunity and motive to litigate the issue, [3] a valid and final

[judgment] on the merits was entered, [4] resolution of the issue [was] essential to the decision, and [5] the proceedings share a common identity of the parties.

*Clusiau v. Clusiau Enters., Inc.*, 225 Ariz. 247, 249 ¶ 9 (App. 2010) (quotation omitted).

**¶23** Luna and Molina argue they are not subject to issue or claim preclusion. In their reply brief, they say: "It is of no moment that the 2022 case appeal aborted. There was no final judgment to be appealed." But they misstate the record.

**¶24** The superior court entered a final appealable judgment against Luna and Molina in the 2022 case. In that judgment, the superior court ruled Luna and Molina had "no interest in the Property (equitable or otherwise)" and had "no legal basis to assert legal claims concerning the Property against 15 UP-VW." Luna and Molina were aware it was a final and appealable judgment because they filed a notice of appeal on April 27, 2023, which the court later deemed abandoned as of June 23, 2023. Luna and Molina's abandonment resulted in them permanently losing their rights to appellate review of the superior court's decision in the 2022 case. *See City of Tucson v. Wondergem*, 4 Ariz. App. 291, 292 (1966) ("jurisdictional requirements must be strictly complied with to achieve entrance to appellate review.").

**¶25** Because Luna and Molina cannot relitigate their interest in the Property or claims against 15 UP under the Agreement or the Lease, their first 4 issues fail. First, Luna and Molina cannot challenge the enforceability of the Agreement's Section 12 restriction on the Vegas' right to assign their contractual rights. Second, they cannot challenge whether Section 12 of the Agreement voided Mr. Vega's transfer of his interest in the Property to Luna and Molina under the Lease. Third, they cannot challenge the superior court's order in granting 15 UP's foreclosure request because they have no interest in the property.[1] Fourth, they cannot prevail by arguing material issues of fact prevented the superior court from finding 15 UP did not waive the Agreement's anti-assignment and acceleration clauses because the earlier judgment established 15 UP could enforce those clauses.

---

[1] On the foreclosure issue, Luna and Molina argue it was improper. They cite A.R.S. § 33-748. But they never identify what they believe the superior court did wrong in the foreclosure process.

¶26      At bottom, the judgment in the 2022 case is final, established Mr. Vega's purported assignment was defective, and ruled Luna and Molina have no interest in the Property or against 15 UP under the Agreement or the Lease. Luna and Molina thus cannot relitigate their purported ownership interests or rights under the Agreement or Lease.

**II.     As to Luna and Molina's fifth issue, the superior court had jurisdiction to correct the February 21, 2025 final judgment under Rule 60(a).**

¶27      The superior court's February 21, 2025 judgment in the 2023 case included 2 blank lines (1 for the award of attorney fees and 1 for the award of costs). Around 3 weeks after the entry of judgment, the same day 15 UP moved to correct the oversight, the superior court issued the March 14, 2025 corrected judgment, awarding 15 UP damages of $162,027.24, attorney fees of $49,700.00, and costs of $2,052.59.

¶28      Luna and Molina argue their notice of appeal from the February 21, 2025 judgment leads to a question of the superior court's jurisdiction. But Luna and Molina's March 7, 2025 notice of appeal did not deprive the superior court of jurisdiction.

¶29      Under Rule 60(a), Arizona Rules of Civil Procedure, the superior "court must correct a clerical mistake or a mistake arising from oversight or omission if one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with notice." Though Rule 60(a) states the clerical "mistake may be corrected only with the appellate court's leave," the Arizona Supreme Court clarified such relief need not require an appellate court's permission when it overruled *Rogers v. Ogg* in *U S W. Communications, Inc. v. Ariz. Dep't of Revenue*:

> We believe the reasoning of *Standard Oil* is compelling and therefore adopt the rule followed in that case. We thus overrule *Roger v. Ogg* insofar . . . and hold that relief under Rule 60 from a judgment entered pursuant to an appellate court mandate may be sought without first obtaining permission from the appellate court.

199 Ariz. 101, 104 ¶ 11 (2000); *see also Standard Oil Co. v. United States*, 429 U.S. 17, 97 (1976) (abandoning the rule requiring the court's leave before seeking relief from a clerical mistake because such a requirement is unpersuasive).

¶30        Rule 60(a) thus allows the superior court to correct the error by filling in the blank lines they filed in their March 7, 2025 notice of appeal from the February 21, 2025 judgment. The superior court issued the February 21, 2025 judgment for 15 UP. That judgment contained blank lines. After recognizing the error, 15 UP promptly moved to have the superior court correct it. And the superior court did so under Rule 60(a).

¶31        The superior court thus did not err when it issued the corrected judgment.

**III.    As to Luna and Molina's sixth issue, the superior court did not err when it included the attorney fees and costs award against the Vegas from the 2022 case final appealable judgment in the March 14, 2025 foreclosure judgment against Luna and Molina.**

¶32        In the 2022 case, the superior court entered judgment for 15 UP and against the Vegas for $32,603.75 in attorney fees and costs. The Vegas owed 15 UP for the amount under the Agreement. For that reason, the superior court added it to the judgment in 15 UP's favor in the foreclosure judgment in the 2023 case.

¶33        To begin, Luna and Molina cannot challenge the amount of that final judgment in 15 UP's favor and against the Vegas. Beyond that, Luna and Molina offer only a conclusory argument and provide no legal authority supporting their argument. They simply say the superior court "violated the principle of res judicata with inclusion of the fees anew in the second judgment and assumed jurisdiction it did not have as to the first fees judgment." (Emphasis in original.)

¶34        Longstanding precedent establishes conclusory statements, without more, are insufficient. *See Modular Sys., Inc. v. Naisbitt*, 114 Ariz. 582, 587 (App. 1977); *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915); *Adkin v. Adkins*, 39 Ariz. 530, 532 (1932); *Childs v. Frederickson*, 21 Ariz. 248, 249 (1920). As *Modular System* explained, "issues are deemed abandoned" when an opening brief "fail[s] to state with any particularity why or how the trial court erred" and "simply concludes that error was committed." 114 Ariz. at 587. And here, the court is at a loss to understand how *res judicata*, known as claim preclusion, applies in this context, let alone how it deprives the superior court of jurisdiction.

¶35        Luna and Molina simply have not shown the superior court erred when it included the 2022 case fee award in the foreclosure judgment for the 2023 case.

### IV. As to Luna and Molina's seventh issue, the superior court did not err when it awarded attorney fees and costs for 15 UP and against Luna and Molina under A.R.S. § 12-341.01.

¶36 Luna and Molina argue they are not liable for attorney fees and costs under section 12-341.01 because they were not parties to the Agreement, did not breach the Agreement, and were merely Mr. Vega's assignees under the Agreement. They argue 15 UP could not prevail in a contract matter against them because they never entered a contract with 15 UP. In doing so, they disregard their position throughout that they did have property and other rights as Mr. Vega's assignees under the Agreement. They also argue 15 UP did not prevail as to them, but only as to the Vegas.

¶37 Subsection 12-341.01.A allows for an award of attorney fees and costs "[i]n any contested action arising out of a contract."

> In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer.

A.R.S. § 12-341.01.A.

¶38 The superior court has broad discretion to award and determine the amount of attorney fees under subsection 12-341.01.A. *See Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 562 ¶ 39 (App. 2014). The superior court has similarly broad discretion when deciding who is a successful party by considering "the totality of circumstances and the relative success of the litigants." *McAlister v. Citibank*, 171 Ariz. 207, 216 (App. 1992). And the superior court may award attorney fees even when the parties are not in a contractual relationship. *See Buckmaster v. Dent*, 146 Ariz. 521, 523 (App. 1985) (acknowledging "attorney's fees have been awarded to parties who have successfully proved the non-existence of a contractual relationship").

¶39 Luna and Molina cite that quote from *Buckmaster*, but it does not support their position. *Buckmaster* held attorney fees and costs were not proper in that case because it "involved a rescission" based on mutual or unilateral mistakes and the party seeking the award "drafted the language that resulted in the rescission." *Id.* at 524. *Buckmaster* has no application here.

**¶40**     Luna and Molina have not shown the superior court abused its discretion when it awarded 15 UP attorney fees and costs under A.R.S. § 12-341.01.A.

## ATTORNEY FEES AND COSTS

**¶41**     On appeal, 15 UP seeks an award for attorney fees and cost under A.R.S. §§ 12-341.01, -1103 and 33-420. The court exercises its discretion and awards 15 UP reasonable attorney fees and costs upon its compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

## CONCLUSION

**¶42**     The court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR