For the reasons above set forth, the errors assigned are not well taken. The judgment of the Common Pleas Court and the judgment and sentence of the Columbus Municipal Court are, therefore, affirmed, and the cause is remanded to the Municipal Court for execution of sentence.

*Judgment affirmed.*

Petree, P. J., and Miller, J., concur.

In re Adoption of Krisher.

(No. 289—Decided February 11, 1958.)

*Messrs. Elliott, Hilliard & Martin* and *Messrs. Silbaugh & Reed,* for appellant.

*Mr. E. A. Smith* and *Mr. Judson C. Kistler,* for appellee.

McCLINTOCK, P. J.   This cause is here on an appeal on questions of law from a judgment of the Probate Court of Fairfield County, in which that court granted a petition for the adoption of Sharon Kay Krisher, over the objections of the mother of the child, Edna Forrest Casto.

Appellant presents three assignments of error which are as follows:

"1. That the court finds 'that the mother of said child has wilfully failed to properly support and maintain said child for a period of more than two years immediately preceding the filing of the petition, and accordingly, her consent is not required.'

"2. That the court erred in rendering the decree of adoption on the 26th day of June, 1956.

"3. That the decision of the Probate Court is contrary to law in its journal entry of July 20th, 1956, in overruling motion for a new trial."

We will consider the assignments of error together.

The record in this case shows as follows:

"On December 19th, 1955, petitioner-appellee, Crystal Maxine Krisher filed a petition for the adoption of Sharon Kay Krisher together with a copy of the birth certificate of Sharon Kay Forrest in the Probate Court of Fairfield County, Ohio. The petition did among other allegations contain the following: 'That the name of the mother of said child is Edna Forrest Casto who is living, whose present place of residence is Winsor Avenue, Columbus, Ohio, who has wilfully failed to properly support and maintain said child for a period of more than two years immediately preceding the filing of this petition and who has not been adjudged incompetent by reason of mental disability.'

"That the father of said child, Guy O. Forrest, did on December 19th, 1955, file his answer and consent to said adoption.

"Notice was duly served upon the appellant Edna Forrest

Casto and on February 1st, 1956, a hearing was had in the juvenile courtroom and a further hearing was had on May 29th, 1956, in the said juvenile courtroom of the county of Fairfield and at both hearings the appellant and the appellee appeared and offered testimony.

"The appellee, Crystal Maxine Krisher is a school teacher 44 years of age and has had Sharon Kay Forrest, aged 10 years, with her since October 30th, 1946, the child having been placed with her by Leo Rinehart, who was then the child welfare director. Sharon Kay Forrest had originally been placed in the children's home along with a brother and two sisters when the appellant and her husband were having marital and financial troubles. The appellant and her husband signed an agreement for the care of the child in 1946 but appellant failed to live up to the agreement and did only make the following payments: February 18th, 1947, $5; March 12th, 1947, $10; and April 10th, 1947, $5. Appellee has supported said child completely since October 8th, 1949, and no one else has contributed except that appellant has sent Christmas presents but did only visit said child approximately a dozen times during those years from 1946 to the present. Appellee did ask appellant to contribute to the support of the child, Sharon Kay Forrest, before she started to school in April of 1949, and this the appellant refused to do. Leo Rinehart testified that Edna Forrest Casto failed to pay for the support of the child even though she had signed an agreement in 1946 for the care of the child. The child was first placed with appellee on a board basis on October 30, 1946, but in 1947 the child welfare board no longer made payments as appellee then had the child on the adoption plan, which became effective two years after the placement. In 1948 the three other children of the appellant and Guy Forrest were returned to the father, Guy Forrest. Appellant testified that she had offered money to Mr. Leo Rinehart in 1947 and that he had refused the money. Mr. Leo Rinehart testified, however, that no money was ever offered for the support of Sharon Kay Forrest by appellant which was refused. Guy Forrest, the father of the child, signed a permanent surrender in 1949.

"On June 26, 1956, the Probate Court filed its final decree of adoption stating that the court found that the mother of said

child, the appellant herein, had failed to provide support and maintenance for said child for a period of more than two years immediately preceding the filing of the petition, and accordingly, her consent was not required.

"Edna Forrest Casto did then on July 5th, 1956, file a motion for a new trial which was overruled on July 20th, 1956."

The only question involved in this case is whether there had been a willful failure on the part of the mother to properly support and maintain the child in question.

See *In re Adoption of Baker,* 100 Ohio App., 146, 136 N. E. (2d), 147, the syllabus of which is as follows:

"1. Under subdivision (B) (4) of Section 3107.06, Revised Code, specifying the conditions under which the consent of a parent to the adoption of his child is not required, the showing of a mere failure to make payment for the support and maintenance of the child will not support a finding that such failure was willful.

"2. In such a case, the burden of proving that the failure to support was willful is on the petitioner charging such failure."

In *Poet* v. *Rosinski,* 60 Ohio Law Abs., 513, 102 N. E. (2d), 19, the headnotes read as follows:

"1. The 'mere failure' in and of itself 'to pay for support of minor children' does not under Section 10512-14, General Code, 'constitute wilfulness' so that the consent of parents is not required before a final decree of adoption is entered by the court.

"2. It is not the province of a reviewing court to reverse a judgment simply because the evidence is conflicting."

The syllabus of the case of *In re Adoption of Shaw,* 91 Ohio App., 347, 108 N. E. (2d), 236, reads as follows:

"1. The word, 'wilfully,' as used in paragraph (2) (d) of Section 10512-14, General Code, pertaining to adoption, means intentional, as distinguished from accidental or involuntary.

"2. A petition for adoption, which alleges, *inter alia,* that each parent of the child sought to be adopted has 'wilfully failed to properly support and maintain said child for a period of more than two years immediately preceding the filing of this

petition,' complies with the requirements of paragraph (2) (d) of Section 10512-14, General Code.

"3. In a proceeding for adoption, instituted by the filing of such petition, where the evidence discloses that a nonconsenting parent wilfully neglected to properly support and maintain such child for a period of time far in excess of two years, and where there is no evidence to show that the petitioners for adoption are not suitably qualified to support and maintain the child, or that the adoption is not for the best interests of the child, or that the child is not suitable for adoption, the consent of such nonconsenting parent is not required and the adoption will be granted."

*In re Adoption of Wedl*, 65 Ohio Law Abs., 231, 114 N. E. (2d), 311, the second paragraph of the headnotes reads as follows:

"2. 'Wilful' as used in subparagraph (B) (4) of Section 8004-6, General Code, in the phrase 'wilfully failed to properly support and maintain' means 'intentional,' or an 'intentional omission of a duty.' "

Section 3107.06, Revised Code, reads, in part, as follows:

"* * * After such notice has been given, the court shall determine the issue as to such failure to properly support and maintain the child. The consent of a parent found by the court to have willfully failed to properly support and maintain the child for such period shall not be required."

After a full consideration of the facts in this case, we are of the opinion that the mother willfully failed to support her child, and for the reasons herein stated none of the assignments of error is well taken and the judgment of the Probate Court is affirmed.

*Judgment affirmed.*

PUTNAM and McLAUGHLIN, JJ., concur.