804 P.2d 1321

**SOUTHERN LEASING CORPORATION, a Delaware corporation, Plaintiff/Appellee,**

v.

**William C. TUFTS, a single man, Defendant/Appellant.**

**No. 2 CA–CV 90–0167.**

Court of Appeals of Arizona, Division 2, Department B.

Jan. 22, 1991.

---

11. A.R.S. § 33–814(E) is now codified as § 33–814(G).

Gerard Anderson, Tucson, for plaintiff/appellee.

Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C. by Thomas K. Chenal and Daniel P. Beeks, Phoenix, for defendant/appellant.

## OPINION

HOWARD, Judge.

This is an appeal from the denial of a motion to reconsider and set aside a default judgment.[1]

Appellee Southern Leasing Corporation (Southern Leasing), filed a breach of contract action against appellant in the Pima County Superior Court. The affidavit of service of process stated that process was served upon appellant Tufts by serving his roommate, Jerry Brown, at Tufts's usual place of abode.

Tufts failed to answer the complaint and a default judgment was entered against him in the sum of $163,337 plus interest, costs and attorney's fees in the sum of $3,000. On November 22, 1989, more than 30 days after the alleged service of process, Tufts filed a notice of removal of the state case to the United States District Court for the District of Arizona. On December 6, 1989, Tufts filed a motion to dismiss or alternatively, a motion to vacate the default judgment in the federal court, alleging that he had not been properly served with process. On December 22, 1989, Southern Leasing filed its opposition to the motion and its own motion to remand.

After a hearing on the motions, the federal district court judge remanded the case back to the state court on the ground that Tufts had not removed the case within 30 days of receiving process as is required by 28 U.S.C. § 1446(b). In coming to this conclusion, the district court judge found that Tufts had been properly served with process.

After remand, Tufts filed a motion asking the state court to reconsider the findings and conclusions made by the district court judge and to set aside the default judgment. Southern Leasing opposed the motion, contending that the state court had no authority to review the findings made by a federal district court judge because of res judicata or issue preclusion.

The determinative issue in this case is whether issue preclusion prevents the state trial court from making its own findings on the issue of the service of process. We conclude that there is no issue preclusion in this case and set aside the order entered by the trial court on May 3, 1990.

The Restatement (Second) of Judgments § 28 (1982), which we follow in the absence

1. Appellant also has appealed from a remand order entered in the federal district court. Of course, we have no jurisdiction to review this order.

of a different rule laid down by prior decisions of the state supreme court, *Waddell v. White,* 56 Ariz. 525, 109 P.2d 843 (1941), states:

> § 28. **Exceptions to the General Rule of Issue Preclusion**
>
> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> (1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; ...

The federal district court's remand order, based on its finding that Tufts was properly served and that the petition for removal was therefore not timely filed, cannot be reviewed by a federal court of appeals, either by direct appeal or by mandamus. See *Schmitt v. Insurance Co. of North America,* 845 F.2d 1546 (9th Cir.1988); and see 28 U.S.C.A. §§ 1447(c), (d). Since Tufts could not have the federal district court's remand order reviewed in the federal system, there is no issue preclusion and he is free to litigate the issue in state court. Furthermore, the district court, having remanded for lack of federal jurisdiction, lacked jurisdiction for any substantive ruling and no rulings of the federal court have any preclusive effect on the substantive matters before the state court. *Whitman v. Raley's, Inc.,* 886 F.2d 1177 (9th Cir. 1989).

Appellant has requested attorney's fees which will be awarded upon compliance with Rule 21(c), Ariz.R.Civ.App.Proc., 17B A.R.S.

The order of May 3, 1990, is vacated and set aside and the case is remanded for further proceedings consistent with this opinion.

FERNANDEZ, C.J., and ROLL, P.J., concur.