■ PARVIZ NOGHREY, Appellant, v TOWN OF BROOKHAVEN et al., Respondents. [760 NYS2d 195] —In an action, inter alia, to recover damages for alleged violations of civil rights under 42 USC § 1983, the plaintiff appeals from (1) an order of the United States Bankruptcy Court for the Eastern District of New York (Cyganowski, J.), dated August 11, 1998, which denied his motion for summary judgment on the issue of liability on the 5th and 11th causes of action and, sua sponte, granted summary judgment to the defendants dismissing those causes of action and (2) a judgment of the same court, dated August 11, 1998, dismissing the 5th and 11th causes of action.

Ordered that the appeals are dismissed, with costs.

It is well settled that there is no inherent right to appeal and that the right to appeal exists solely through express constitutional or statutory authorization (*see Friedman v State of New York,* 24 NY2d 528, 535 [1969]; *Gastel v Bridges,* 110 AD2d 146 [1985]). In general terms, the Appellate Division is

authorized to entertain appeals, either by right or by permission, from certain orders or judgments of the Supreme Court, County Courts, and Appellate Term (*see* CPLR 5501 [c]; 5701, 5703), as well as from certain orders or judgments "of a court of original instance other than the supreme court or a county court in accordance with the statute governing practice in such court" (CPLR 5702). Contrary to the plaintiff's contention, CPLR 5702 allows for appeals from other New York state courts only where statutorily authorized (*see e.g.* Family Ct Act § 1112); it does not authorize an appeal from a Federal Bankruptcy Court (*see* 1 Carmody-Wait 2d, NY Prac § 2:115, at 172; *see also* 28 USC § 158). Neither is there any statute governing practice in the Bankruptcy Court authorizing appeals from it to this Court. In fact, CPLR 5702 is limited to appeals from courts of this state (*see* CPLR 101). Moreover, the mere filing of the Federal Bankruptcy Court's order and judgment with the Suffolk County Clerk did not entitle the plaintiff to take direct appeals to this Court from the order and the judgment (*see* CPLR 5402; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5402:2). Since the order and judgment appealed from are not properly before this Court, the appeals must be dismissed. Ritter, J.P., S. Miller, Krausman and Crane, JJ., concur.