256 P.3d 694

Walter Y.C. CHANG, Individually and as Trustee under that certain unrecorded Trust Agreement of Walter Yin Choy Chang dated August 3, 1982, and Sylvia S.W. Chang, Individually and as Trustee under that certain unrecorded Trust Agreement of Sylvia Seu Way Chang, dated August 3, 1982, Respondents/Plaintiffs–Appellees,

v.

Eadean Michie BUFFINGTON,
Petitioner/Defendant–
Appellant,

and

Steve Montgomery Crouch, Naomi Hokulani Crouch, Hokulani Square, Inc., Investors Funding Corporation, Respondents/Defendants–Appellees,

and

Integrity Escrow and Title Company, Inc., fka First Financial Title and Escrow Agency of Hawaii, Inc., nka Hawaii Escrow & Title, Inc., Petitioner/Third–Party Defendant–Appellant.

No. 30259.

Supreme Court of Hawai'i.

July 13, 2011.

Carl H. Osaki, on the application, for petitioner/defendant-appellant.

RECKTENWALD, C.J., Circuit Judge SAKAMOTO, in Place of DUFFY, J., Recused, and Circuit Judge AHN, Assigned by Reason of Vacancy; with NAKAYAMA, J., Dissenting, with whom Circuit Judge Trader, in Place of ACOBA, J., Recused, Joins.

Opinion of the Court by
RECKTENWALD, C.J.

In this appeal, we consider whether the Intermediate Court of Appeals had jurisdiction to review a good faith settlement determination, which was made by a federal bankruptcy court prior to the case being remanded to state court.

Eadean Michie Buffington seeks review of the Intermediate Court of Appeals' June 4, 2010 order dismissing Buffington and Integrity Escrow and Title Company, Inc.'s [1] appeal for lack of appellate jurisdiction. Buffington and Integrity appealed pursuant to Hawai'i Revised Statutes § 663–15.5(e) (Supp. 2009), quoted *infra*, from an order entered by the federal bankruptcy court determining that a settlement of tort claims was made in good faith. They filed their notices of appeal in the circuit court, after the case had been remanded to that court. The Intermediate Court of Appeals dismissed the appeal for lack of appellate jurisdiction for three reasons: (1) one of the defendants in the tort action was in bankruptcy; (2) the bankruptcy court's good faith settlement order was not in the record on appeal; and (3) Hawai'i Revised Statutes §§ 602–57 and 663–15.5(e) do not authorize an appeal to a Hawai'i appellate court from a good faith settlement determination made by a federal court.

For the reasons set forth below, we hold that the Intermediate Court of Appeals had jurisdiction. Accordingly, we vacate the Intermediate Court of Appeals' dismissal order and remand to the Intermediate Court of Appeals for further proceedings consistent with this opinion.

## I. Background

### A. Factual and procedural background

The following facts are taken from the record on appeal (ROA), which includes all documents filed in the Circuit Court of the

---

1. During the pendency of this case, Integrity Escrow and Title Company, Inc., formerly known as First Financial Title and Escrow Agency of Hawaii, Inc., merged into Hawaii Escrow & Title, Inc. and is now identified as "Hawaii Escrow & Title, Inc., formerly known as Integrity Escrow and Title Company, Inc., formerly known as First Financial Title and Escrow Agency of Hawaii, Inc." However, for ease of reference, the company will be identified here as Integrity. As discussed further *infra*, Integrity is no longer a party to this appeal.

First Circuit (circuit court) before the case was removed to the United States Bankruptcy Court for the District of Hawai'i (bankruptcy court), including the third amended complaint, and documents filed in circuit court after the case was remanded, discussed further *infra*.[2]

On September 23, 2005, the Walter Y.C. Chang Trust, Walter Y.C. Chang, and Sylvia S.W. Chang (collectively the Changs) filed a Complaint for Foreclosure and Other Relief in Civil No. 05-1-1708 (the foreclosure action) in circuit court. The Changs filed their first, second, and third amended complaints in the circuit court. According to the third amended complaint, the subject of the foreclosure action was a Middle Street apartment building that the Changs sold in 2003 to Steve Crouch and Naomi Crouch (the Crouches). The sale was by way of a purchase money mortgage executed by Hokulani Square, Inc., a corporation of which the Crouches were the only directors, officers, and shareholders. Hokulani Square subsequently mortgaged the Middle Street building to secure a $1.9 million loan from Investors Funding Corporation (Investors Funding) and purchased commercial property on School Street. Investors Funding's mortgage on the Middle Street property was elevated over the Changs' purchase money mortgage on the property via a subordination agreement that the Crouches allegedly secured from the Changs.

The Changs' third amended complaint alleged, inter alia, that the Crouches and Hokulani Square were in default of the purchase money mortgage. The third amended complaint further alleged that the sale of the Middle Street building and the execution of the subordination agreement were the result of undue influence and/or fraud, and a breach of fiduciary duty by the Changs' attorney, Eadean Buffington (Buffington). The complaint sought, inter alia, prioritizing of the Changs' claims to the Middle Street and School Street properties, an equitable lien on the Middle and School Street properties, and damages against the Crouches, Hokulani Square, and Buffington.

On May 10, 2007, Hokulani Square filed a petition for bankruptcy in bankruptcy court. On October 11, 2007, Hokulani Square removed the Changs' circuit court action to the bankruptcy court as an adversary proceeding.[3] In the adversary proceeding, Integrity was added as a third party defendant.

## B. The good faith settlement determination

On July 21, 2009, in the adversary proceeding, the Changs filed a notice of settlement with Investors Funding, among other parties, and petitioned the bankruptcy court for a determination, pursuant to Hawai'i Revised Statutes (HRS) § 663-15.5(b),[4] that the set-

**2.** The record on appeal does not contain all of the documents filed in the bankruptcy court. For example, the record on appeal only contains the complaint and the first, second, and third amended complaints. However, the appellate record includes a motion to modify the record on appeal, attached to which was a fifth amended complaint that appears to have been filed in the bankruptcy court while the case was removed. That motion was denied as moot by the Intermediate Court of Appeals on June 8, 2010. Nevertheless, the record on appeal contains sufficient information for this court to review the jurisdictional question presented on appeal.

**3.** "The adversary proceeding is the bankruptcy analog of the civil action. It is a separate and distinct litigation connected with the bankruptcy case and has a separate docket number on the adversary proceeding docket." John Silas ("Si") Hopkins, III, *Adversary Proceedings in Bankruptcy*, 39 No. 6 Prac. Law. 8, 55 (Sept. 1993).

**4.** HRS § 663-15.5 (Supp.2009) provides, in relevant part:

**Release; joint tortfeasors; co-obligors; good faith settlement**
(a) A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights, shall:
　(1) Not discharge any other joint tortfeasor or co-obligor not released from liability unless its terms so provide;
　(2) Reduce the claims against the other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater; and
　(3) Discharge the party to whom it is given from all liability for any contribution to any other joint tortfeasor or co-obligor.
This subsection shall not apply to co-obligors who have expressly agreed in writing to an apportionment of liability for losses or claims among themselves.

tlement was made in good faith. The bankruptcy court issued an order on December 2, 2009 granting the Changs' petition pursuant to HRS § 663–15.5.[5] The order stated in relevant part:

> This order does not decide whether the Uniform Contribution among Tortfeasors Act [HRS] § 663–11–663.17[sic] ) applies to any of the claims in this case. This order does decide, however, that the settlement was made in good faith within the meaning of [HRS] § 663–15.5.

### C. Appeal and remand to circuit court

On December 10, 2009, pursuant to HRS § 663–15.5(e),[6] Buffington and Integrity appealed the bankruptcy court's December 2, 2009 good faith settlement determination in the adversary proceeding. Buffington and Integrity also filed statements electing to have their appeals heard by the United States District Court for the District of Hawai'i (district court).[7]

On December 16, 2009, while the appeal to the district court was pending, the bankruptcy court filed its Order Remanding Adversary Proceeding to State Court. The

(b) For purposes of subsection (a), any party shall petition the court for a hearing on the issue of good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors or co-obligors, serving notice to all other known joint tortfeasors or co-obligors. Upon a showing of good cause, the court may shorten the time for giving the required notice to permit the determination of the issue before the commencement of the trial of the action, or before the verdict or judgment if settlement is made after the trial has commenced.

5. HRS § 663–15.5(c) (Supp.2009) provides:
The court may determine the issue of good faith for purposes of subsection (a) on the basis of affidavits or declarations served with the petition under subsection (a), and any affidavits or declarations filed in response. In the alternative, the court, in its discretion, may receive other evidence at a hearing.

6. HRS § 663–15.5(e) (Supp.2009) provides:
A party aggrieved by a court determination on the issue of good faith may appeal the determination. The appeal shall be filed within twenty days after service of written notice of the determination, or within any additional time not exceeding twenty days as the court may allow.

bankruptcy court's order remanding the adversary proceeding provided:

> On October 11, 2007, Debtor Hokulani Square, Inc., removed this action, Civil No. 05–1–1708–09, from the Circuit Court of the First Circuit, State of Hawaii, pursuant to 28 U.S.C. § 1452(a).[8] On April 13, 2009, the court entered an Order Regarding Remand of This Adversary Proceeding, setting a deadline of May 15, 2009, for a party to file a motion to withdraw reference of this matter to the district court in order to conduct a jury trial. The order further provided for remand of the action to the state court absent the filing of such a motion. The original deadline was most recently extended to December 15, 2009. No timely motion to withdraw reference has been filed.
>
> NOW, THEREFORE, IT IS HEREBY ORDERED that this adversary proceeding is remanded to the Circuit Court of the First Circuit, State of Hawaii, pursuant to 28 U.S.C. § 1452(b).[9] The clerk shall forthwith transmit a certified copy of this order together with a copy of the docket sheet of this adversary proceeding to the clerk of the Circuit Court of the First

7. 28 U.S.C. § 158 (2005) authorizes appeals from judgments, orders, or decrees of a bankruptcy court to: (1) a district court, (2) a bankruptcy appellate panel, or (3) a court of appeals.

8. 28 U.S.C. § 1452(a) (1990) provides:
A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

9. 28 U.S.C. § 1452(b) (1990) provides:
The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Circuit. The parties shall be responsible for providing copies of any process and pleadings to the state court.

This order does not determine the effect of the remand on the pending appeals of the Order Granting Plaintiffs' Petition for Determination of Good Faith Settlement Pursuant to [HRS] § 663–15.5 Filed on July 21, 2009 ("Good Faith Order"), entered December 2, 2009. Notwithstanding the remand, the clerk shall accept for filing in this adversary proceeding documents necessary to perfect the appeals, such as a designation of items to be included in the record on appeal and a statement of issues to be presented.[10]

On December 22, 2009, Buffington and Integrity each filed, in the circuit court, notices of appeal to the Intermediate Court of Appeals (ICA), pursuant to HRS § 663–15.5(e), from the bankruptcy court's December 2, 2009 good faith settlement determination.

On December 31, 2009, the bankruptcy court sent the following four documents to the circuit court: (1) a certified copy of the bankruptcy court's December 16, 2009 remand order; (2) a Notice of Remand advising the circuit court that the bankruptcy court "maintains the official record of its cases and proceedings in electronic format[ ]" and "[t]herefore, no case file with paper documents is available for transmission with this notice[,]" but that "[a] complete set of the documents in this action may be accessed through the Federal Judiciary's centralized electronic records center on the Internet, Public Access to Court Electronic Records (PACER) at http://pacer.psc.uscourts.gov[;]" (3) a copy of the docket sheet of the adversary proceeding; and (4) a certified copy of the December 2, 2009 good faith settlement determination. The circuit court filed these four documents in the record of the foreclo-

sure action (i.e., Civil No. 05–1–1708) on December 31, 2009.

On February 22, 2010, the circuit court record from the foreclosure action, including the four documents transmitted from bankruptcy court, was transmitted to the ICA as the ROA.

On April 21, 2010, Buffington and Integrity moved the ICA to "modify" the ROA to include paper copies of 35 documents filed in the adversary proceeding, including the December 2, 2009 good faith settlement determination.[11] The Changs filed a Statement of No Opposition to the motion.

**D. The ICA's decision**

In its June 4, 2010 Order Dismissing Appeal, the ICA dismissed Buffington and Integrity's appeal for lack of appellate jurisdiction. First, the ICA—upon noting that Hokulani Square's bankruptcy case was still pending in the bankruptcy court—ruled that "[u]nder the Hawai'i Rules of Appellate Procedure (HRAP) [Rule 54(c) ], when a debtor in a bankruptcy proceeding is also a party in a state court case, 'the appellate court shall not consider motions or requests for relief during the pendency of the bankruptcy.'" (Internal brackets omitted). Second, the ICA found that "the record on appeal . . . does not contain either the original copy or a certified photocopy of the December 2, 2009 United States Bankruptcy Court['s good faith settlement] order." Third, the ICA held that even if the December 2, 2009 good faith settlement determination was in the record on appeal, the order was not appealable to the ICA because: (1) 28 U.S.C. § 158 authorizes appeals from a bankruptcy court order to a federal district court, a federal bankruptcy appellate panel, or a federal court of appeals and does not authorize an appeal to a state appellate court; and (2) "it is reasonable to infer from the plain language of HRS § 602–57[12] and HRS § 663–

---

10. As discussed further *infra* in note 17, federal cases indicate that the district court did not retain jurisdiction to consider Buffington's and Integrity's appeals.

11. As noted above, the bankruptcy court maintained the official record of the adversary proceeding in electronic format and did not transmit paper copies to the circuit court on December

31, 2009. However, the bankruptcy court's December 31, 2009 letter did include a paper copy of the good faith settlement determination.

12. HRS § 602–57 (Supp.2009) provides, in relevant part:

Notwithstanding any other law to the contrary, the intermediate appellate court shall have jurisdiction, subject to transfer as provid-

15.5(e) that the word 'court' refers to only Hawai'i state courts, and does not refer to a United States Bankruptcy Court."

On June 8, 2010, the ICA denied Buffington and Integrity's April 21, 2010 Joint Motion to Modify the Record on Appeal as moot.

## E. Motion for reconsideration of the ICA's decision

On June 14, 2010, Buffington and Integrity moved for reconsideration of the ICA's dismissal order because the order was "based on an incorrect assumption regarding the status of the case in regards to bankruptcy proceedings, and [ ] was incorrect regarding the [c]ourt's jurisdiction." Buffington and Integrity also noted that the ICA "did not have a complete record to review [because t]he record in this case does not yet contain any of the substantive filings made in the [a]dversary [p]roceeding in relation to the appeal issues." (Footnote omitted). Regarding the pendency of Hokulani's bankruptcy case, Buffington and Integrity asserted that "all cross-claims against Hokulani were obviated" through a separate settlement agreement, which was determined to be in good faith. Accordingly, Buffington and Integrity argued that "Hokulani has nothing to gain or lose in this action[,]" and "[Hokulani' s] pending bankruptcy should not impede Buffington and Integrity's appeals." Regarding the ICA's interpretation of HRS § 663–15.5, Buffington and Integrity argued that "it is not reasonable to infer that the word 'court' in [HRS § ] 663–15.5(e) refers only to Hawaii state courts [because s]uch an inference would effectively deprive Integrity and Buffington of their legislatively mandated appeal rights." They also argued that because the adversary proceeding had been remanded, "the [b]ankruptcy [c]ourt no longer has jurisdiction over this case and has no power to reconsider the Good Faith Settlement Order. It is the Hawaii state courts that now have jurisdiction over the case."

The ICA denied the motion for reconsideration on June 21, 2010.

ed in section 602–58 or review on application for a writ of certiorari as provided in section 602–59:
    (1) To hear and determine appeals from *any court* or agency when appeals are allowed by law[.]

## F. The application for writ of certiorari

On September 2, 2010, Buffington and Integrity timely filed a joint application for a writ of certiorari to review the ICA's June 4, 2010 dismissal order, June 8, 2010 order denying the motion to modify the record, and the June 21, 2010 order denying the motion for reconsideration. The Changs did not file a response to the application. This court issued an order accepting the application for certiorari on October 20, 2010. On April 27, 2011, Integrity filed a stipulation to dismiss its appeal. This court issued an order approving the dismissal on May 5, 2011. The stipulation provided that the dismissal of Integrity did not affect Buffington's appeal.

## II. Standard of Review

■ "The existence of jurisdiction is a question of law that [the appellate court reviews] de novo under the right/wrong standard." *Captain Andy's Sailing, Inc. v. Dep't of Land & Natural Res.*, 113 Hawai'i 184, 192, 150 P.3d 833, 841 (2006) (internal quotation marks and citation omitted).

## III. Discussion

Buffington challenges the three bases for the ICA's dismissal of her appeal for lack of appellate jurisdiction. For the reasons set forth below, we conclude that the ICA erred on each of these grounds and that the ICA had jurisdiction over the appeal.

## A. HRAP Rule 54(c) did not deprive the ICA of jurisdiction

■ Buffington argues that the ICA incorrectly applied HRAP Rule 54(c) to the instant appeal. HRAP Rule 54(c) states that "[t]he appellate court shall not consider motions or requests for relief during the pendency of [a] bankruptcy [stay]." Based on Rule 54(c), the ICA concluded that it could not consider the appeal while Hokulani Square was in bankruptcy. That conclusion is not supported by HRAP Rule 54(c), nor is

(Emphasis added).

it supported by the automatic stay provision of the Bankruptcy Code. Hawaiʻi courts have looked to 11 U.S.C. § 362 (2006) [13] to determine the limits of bankruptcy stays for purposes of HRAP Rule 54. *See, e.g., Onaka v. Onaka,* 112 Hawaiʻi 374, 379–80, 146 P.3d 89, 94–95 (2006). 11 U.S.C. § 362(a)(1) stays the "commencement or continuation . . . of a judicial . . . proceeding *against the [bankruptcy] debtor*" during the pendency of the bankruptcy case. (Emphasis added). It is well established that the automatic stay is limited to proceedings against debtors and does not apply to non-bankrupt codefendants. *See Maritime Elec. Co. v. United Jersey Bank,* 959 F.2d 1194, 1203–06 (3d Cir.1991) ("Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross-claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay."); *Ingersoll–Rand Fin. Corp. v. Miller Mining Co.,* 817 F.2d 1424, 1427 (9th Cir.1987) ("[S]tays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants."); *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 544 (5th Cir.1983); *In re Advanced Ribbons & Office Prods., Inc.,* 125 B.R. 259, 263 (B.A.P. 9th Cir.1991); 3 *Collier on Bankruptcy* § 362.03[3][d] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In the instant case, the automatic stay is limited to proceedings against debtor Hokulani Square and does not apply to the other non-bankrupt parties. *See id.* Therefore, the ICA erred in concluding that it lacked jurisdiction over Buffington and Integrity's appeal because Hokulani Square is in bankruptcy.

**B. The December 2, 2009 good faith settlement determination was included in the record on appeal**

The ICA concluded that it could not review the good faith settlement determination made by the bankruptcy court because the determination was not in the record on appeal. Contrary to the ICA's assertion, the good faith settlement determination was transmitted from the bankruptcy court to the circuit court on December 31, 2009, and was integrated into the circuit court's record. Accordingly, the good faith settlement determination was part of the ROA when the record was transmitted to the ICA on February 22, 2010. Therefore, the ICA erred in concluding that it lacked jurisdiction over Buffington and Integrity's appeal because the December 2, 2009 good faith settlement order was not in the record on appeal.

**C. The ICA had appellate jurisdiction pursuant to HRS §§ 602–57 and 663–15.5(e)**

The ICA also held that it did not have appellate jurisdiction pursuant to HRS §§ 602–57 and 663–15.5(e). HRS § 602–57 provides, in relevant part:

Notwithstanding any other law to the contrary, the intermediate appellate court shall have jurisdiction, subject to transfer as provided in section 602–58 or review on application for a writ of certiorari as provided in section 602–59:

(1) To hear and determine appeals from *any court or agency when appeals are allowed by law*[.]

(Emphasis added).

HRS § 663–15.5(e) provides:

A party aggrieved by *a court* determination on the issue of good faith may appeal the determination. The appeal shall be filed within twenty days after service of written notice of the determination, or within any additional time not exceeding twenty days as the court may allow.

(Emphasis added).

Buffington argues that the ICA erred when it concluded that "it is reasonable to infer from the plain language of HRS § 602–57 and HRS § 663–15.5(e) that the word 'court' refers to only Hawaiʻi state courts, and does not refer to a United States Bankruptcy Court." Regarding HRS § 602–57(1), Buffington asserts that "if 'plain language'

---

**13.** 11 U.S.C. § 362 has been amended in ways that do not materially affect the relevant portion of the statute. Bankruptcy Technical Correc-

tions Act of 2010, Pub.L. No. 111–327, § 2(a)(12), 124 Stat. 3557, at 3558–59 (2010).

truly governs the meaning of 'any court,' then that unrestricted term includes all courts, both state and federal." Buffington also contends that "[c]onversely, if the Legislature plainly meant to limit appellate jurisdiction to state courts, then it plainly would have written Section 602–57(1) to say so."

Regarding HRS § 663–15.5(e), Buffington asserts that "federal courts can, and have, decided good faith petitions made under [HRS] Chapter 663[ ]" and "[u]nder the ICA's reasoning, such determinations are immune from appellate review, because they would not be made by a 'state' court." Buffington further asserts that "the ICA's interpretation of Section 663–15.5 and Section 602–57[ ] defeat[s Buffington's] right to appeal [the bankruptcy court's] good faith determination" because "once a remand occurs, the federal courts have no power over the matter."

■ "[T]he fundamental starting point for statutory interpretation is the language of the statute itself." *Estate of Roxas v. Marcos*, 121 Hawai'i 59, 66, 214 P.3d 598, 605 (2009) (citations omitted). "[W]here the statutory language is plain and unambiguous, [the appellate court's] sole duty is to give effect to its plain and obvious meaning." *Id.*

■ HRS § 602–57(1) confers on the ICA jurisdiction "[t]o hear and determine appeals from *any court or agency when appeals are allowed by law* [.]" (Emphasis added). This statute requires that the appeal be "from any court or agency" and that it be "allowed by law[.]" Both requirements were met here. At the time the notices of appeal were filed, this case had been remanded to the circuit court of the first circuit, and the notices of appeal were filed in that court. Thus, the requirement that the appeal be from "any court" was satisfied since the circuit court is clearly a "court" within the meaning of the statute.

■ Moreover, the appeal was "allowed by" HRS § 663–15.5(e), which provides that

"[a] party aggrieved by a court determination on the issue of good faith may appeal [that] determination." The plain language of that statute does not limit its application to orders entered by state courts.[14] Moreover, even if we were to interpret it as being limited to state court orders, as we set forth below, although the order was entered by the bankruptcy court, it did not become a nullity when the case was remanded to the circuit court. 16 James Wm. Moore et al., *Moore's Federal Practice* § 107 App. 113[2][b], at 200–01 (3d. ed. 2010) ("Orders entered by the district court prior to a remand order are not nullities.") To the contrary, unless it was modified or set aside by the circuit court (neither of which occurred here), it continued in effect even after the remand. *See id.* Thus, regardless of the fact that it was originally entered by the bankruptcy court, it was an order of the circuit court at the time the notices of appeal were filed.

This result is consistent with well-established principles of jurisdiction regarding remanded claims. One prominent commentator has noted that underlying orders made by the federal court remain in effect in the remanded state court action until the state court takes action to modify or set them aside:

> Orders entered by the district court prior to a remand order are not nullities. Insofar as they are interlocutory and are included within the action or the part of the action remanded, they would ordinarily remain in effect, following the remand, until the state court took appropriate action to modify or set them aside.

16 *Moore's Federal Practice* at 200–01 (3d. ed. 2010) (footnotes omitted).

This principle has been recognized by both federal and state courts. In *Powers v. Southland Corp.*, 4 F.3d 223, 224 (3d Cir. 1993), the Third Circuit considered whether the federal courts retained jurisdiction to review an order granting a relation back

---

14. Indeed, as noted by the dissent, HRS § 663–15.5(e) has been applied by the Hawai'i federal courts, and provides a basis for an appeal in the federal system from good faith settlement determinations made by those courts. Dissenting opinion at 705, 705 n. 2 (citing *White v. Sabatino*,

526 F.Supp.2d 1135 (D.Haw.2007) and *Whirlpool Corporation v. CIT Group/Business Credit, Inc.*, 293 F.Supp.2d 1144 (D.Haw.2003)). Such a result is possible only if "a court" is interpreted as including federal courts.

amendment that added a new party after the expiration of the statute of limitations. The addition of the new party destroyed diversity jurisdiction requiring remand of the underlying action to state court. *Id.* The Third Circuit ultimately concluded that the decision on the relation back amendment was not final and that the federal appellate court lacked jurisdiction to review it. *Id.* at 237.

The Third Circuit also considered whether the federal court's decision regarding the validity of the relation back amendment would be reviewable in state appellate court. *Id.* at 225. The Third Circuit found that it was "aware of no doctrine that would bar state courts from reviewing the district court's decision, and hence that decision will both have no preclusive effect on the parties and may be effectively reviewed by the state appellate courts." [15] *Id.; see also In re C & M Props., L.L.C.,* 563 F.3d 1156, 1166 (10th Cir.2009) (noting that state courts are "free to revisit any issue decided by the federal court in a remanded claim prior to remand, and [are] 'perfectly free to reject the remanding court's reasoning' ") (citation omitted).

Similarly, in *Southern Leasing Corp. v. Tufts,* 167 Ariz. 133, 804 P.2d 1321, 1322–23 (App.1991), the Court of Appeals of Arizona held that a state court could properly make its own findings regarding service of process, which was an issue that had formed the basis for the federal court's order of remand. The state court reasoned that because the federal court had remanded the entire case to state court and the remand was unreviewable in federal court, "there is no issue preclusion and [the defendant] is free to litigate the issue [of service of process] in state court." *Id.* at 1323.

The foregoing cases illustrate that state courts have jurisdiction to review pre-remand orders entered by federal courts in cases that are remanded back to a state court. In the instant case, on December 16, 2009, the bankruptcy court remanded the entirety of the adversary proceeding to the circuit court. Six days after the remand, Buffington and Integrity filed notices of appeal in the circuit court, appealing the good faith determination to the ICA pursuant to HRS § 663–15.5(e). At that time, the good faith determination had not been modified or set aside by the circuit court, and thus remained in effect. Since HRS § 601–57 gives the ICA jurisdiction over appeals from the circuit court that are "allowed by law," and HRS § 663–15.5(e) authorized an appeal from the good faith determination, the ICA had jurisdiction over the appeal.

We respectfully disagree with the dissent's suggestion that the above-cited authorities are distinguishable because they involved "non-final interlocutory decision[s] that [were] not appealable in the federal system." Dissenting Opinion at 706. First, the bankruptcy court's good faith settlement determination is not a final, appealable order within the meaning of HRS § 641–1(a), since it does not completely resolve all claims against all parties in the underlying action. [16] *Jenkins v. Cades Schutte Fleming & Wright,* 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) ("an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP 54(b)"); *see also White v. Sabatino,* Civ. Nos. 04–00500 ACK/LEK, 05–00025 ACK/LEK, 2007 WL 2462634, at *4 (D.Haw.2007) (concluding that an order granting a good faith settlement determination was "an interlocutory order because final judgment has not been

---

**15.** The Third Circuit in *Powers* also noted that the law of the case doctrine sets "limitation[s] on the state *trial* court's reconsideration of issues decided by the federal trial court ... [but does] not limit the state *appellate* court's power to review the decision." 4 F.3d at 234.

**16.** Accordingly, we respectfully disagree with the dissent's suggestion that a circuit court's good faith settlement determination is appealable to the ICA pursuant to HRS § 641–1(a). Dissenting opinion at 705. Although HRS § 641–1(a) allows for appeals from final judgments, it is not the only statute to specifically authorize an appeal from a circuit court order. *See, e.g.,* HRS § 667–51(a) (specifying orders entered in a foreclosure case that "shall be final and appealable," despite lack of conformity with HRS § 641–1). Here, appeal is specifically authorized by HRS § 663–15.5.

entered in the case nor has final judgment been directed as to fewer than all of the claims of parties pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.").

Moreover, *Powers* and the other authorities cited above focused on the question of whether the order at issue was appealable in federal court only insofar as it related to whether the state court might be barred by principles of issue preclusion from modifying or rescinding the order on remand. *Powers,* 4 F.3d at 234 (noting that, because the order "was interlocutory in nature, there was no opportunity for the decision to have been reviewed in the federal courts, and, as such, the decision *has no preclusive effect on state courts* ") (emphasis added); *C & M Props.,* 563 F.3d at 1166 (noting that issue preclusion does not attach in remanded claims because the parties could not have obtained review of the judgment in the initial action as a matter of law); *S. Leasing,* 804 P.2d at 1323 (noting that there was no issue preclusion where the party could not have the federal district court's remand order reviewed in the federal system). However, in the instant case the filing of the bankruptcy court's remand order divested the district court of jurisdiction before it could rule on the appeal.[17] Since Buffington and Integrity could not have their appeal resolved in the district court, the

bankruptcy court's good faith determination could not have any issue preclusive effect when the case was returned to state court. *See Bremer v. Weeks,* 104 Hawai'i 43, 54, 85 P.3d 150, 161 (2004) (requiring, inter alia, a final judgment on the merits before issue preclusion may be applied); *see also Restatement (Second) of Judgments* § 28, at 273 (1980) (stating that even if an issue is "litigated and determined to be a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded ... [if t]he party against whom preclusion is sought could not, *as a matter of law,* have obtained review of the judgment in the initial action") (emphasis added);[18] *Clusiau v. Clusiau Enterprises, Inc.,* 225 Ariz. 247, 251, 236 P.3d 1194, 1198 (Ariz.Ct.App. 2010) (declining to apply issue preclusion to a small claims court judgment, in part, because it was not appealable as a matter of law); *Algonquin Power Income Fund v. Christine Falls of New York, Inc.,* 362 Fed.Appx. 151, 155 (2d Cir.2010) (holding that collateral estoppel did not apply because appellant could not have appealed as a matter of right). The good faith settlement order was therefore interlocutory upon remand to the circuit court, and the principles set forth by Professor Moore and in cases such as *Powers* are fully applicable.

---

17. Federal cases indicate that the district court here did not retain jurisdiction over the appeal to the district court because the bankruptcy court divested the federal courts of jurisdiction by remanding the entire case to state court. *See, e.g., C & M Props.,* 563 F.3d at 1159–62 ("It is long-settled that a remand order renders the district court without jurisdiction over remanded claims, such that any continued litigation over those claims becomes a futile thing.") (internal quotation marks omitted); *see also Mathewson v. Aloha Airlines, Inc.,* 82 Hawai'i 57, 70–74, 919 P.2d 969, 982–86 (1996) (discussing how federal district courts are divested of jurisdiction after remand and state circuit courts' jurisdiction is restored). As such, it appears that once the bankruptcy court in the instant case remanded the adversary proceeding to state court, the bankruptcy court and the district court lacked jurisdiction to adjudicate the merits of the good faith settlement.

As noted by the dissent, Buffington and Integrity's inability to obtain appellate review from the federal courts is not, standing alone, sufficient to establish a right of appeal in state court.

Dissenting opinion at 706 n. 3 (quoting *Chambers v. Leavey,* 60 Haw. 52, 57, 587 P.2d 807, 810 (1978)). Nevertheless, permitting an appeal in the instant case effectuates the policy, set forth in HRS § 663–15.5(e), of allowing prompt appeals of good faith settlement determinations.

18. This court has explicitly adopted the reasoning of portions of the *Restatement (Second) of Judgments* § 28 with regard to exceptions to issue preclusion. *See Marsland v. Int'l Soc'y for Krishna Consciousness,* 66 Haw. 119, 124–25, 657 P.2d 1035, 1038–39 (1983) (recognizing the Restatement exception to issue preclusion when "[t]he issue is one of law and ... a new determination is warranted ... to avoid inequitable administration of the laws"); *Kaho'ohanohano v. Dep't of Human Servs.,* 117 Hawai'i 262, 303–05, 178 P.3d 538, 579–81 (2008) (determining that the Restatement exception regarding a "potential adverse impact of the determination on the public interest [,]" or "because the party sought to be precluded ... did not have an adequate opportunity or incentive to obtain full and fair adjudication in the initial action" did not apply to the facts of the case).

Finally, we address the ICA's holding that it does not have jurisdiction after remand to review an order entered by a bankruptcy court based on the proposition that bankruptcy courts have original and exclusive jurisdiction over bankruptcy cases and, accordingly, that "bankruptcy court orders are not subject to collateral attack in other courts." (Quoting *Gruntz v. Cnty. of Los Angeles*, 202 F.3d 1074, 1082 (9th Cir.2000)). In support of this proposition, the ICA relies on *Gruntz* and *McGhan v. Rutz*, 288 F.3d 1172, 1179 (9th Cir.2002). Both cases are distinguishable because neither case considered state court jurisdiction after remand to state court but instead considered jurisdiction to entertain a collateral attack on bankruptcy court orders in separate proceedings. *See Gruntz*, 202 F.3d at 1087–88 (discussing the interaction of federal bankruptcy court proceedings and state court criminal proceedings and holding, inter alia, that the bankruptcy court automatic stay does not void state criminal judgments and that state trial courts need not seek bankruptcy court approval before commencing criminal proceedings); *McGhan*, 288 F.3d at 1175 (holding that a state court lacked authority to modify a bankruptcy court's earlier determination discharging a claim and permanently enjoining a creditor from collecting on a debt in a separate state court action). In the instant case, Buffington is not mounting a collateral attack on a bankruptcy court order in a separate state court proceeding. Instead, Buffington is challenging, in a remanded state court case, an order previously entered in the bankruptcy court.

The ICA further relies on *Noghrey v. Town of Brookhaven*, 305 A.D.2d 474, 475, 760 N.Y.S.2d 195 (N.Y.App.Div.2003) in support of its conclusion that HRS § 663–15.5(e) does not authorize an appeal in state court from a federal bankruptcy court order. *Noghrey* also is distinguishable. In *Noghrey*, the plaintiff attempted to appeal a bankruptcy court's summary judgment order to a state appellate court under a New York statute generally granting appellate jurisdiction to the New York Appellate Division. 305 A.D.2d at 474–75, 760 N.Y.S.2d 195. At the time the appeal was filed, the case was pending in federal bankruptcy court and had not

been remanded. *Id.* In contrast, in the instant case, the bankruptcy court, after entering its good faith determination, remanded the entire adversary proceeding to state court, vesting the state courts with jurisdiction over all interlocutory orders. *See C & M Props.*, 563 F.3d at 1162; *Mathewson*, 82 Hawai'i at 70–74, 919 P.2d at 982–86.

Accordingly, the good faith settlement order entered by the bankruptcy court prior to remand is properly appealable in the state court system pursuant to HRS §§ 602–57(1) and 663–15.5. Once the case was remanded to the circuit court, the good faith settlement determination "remain[ed] in effect" until "modif[ied] or set [ ] aside" by the circuit court. *See* 16 *Moore's Federal Practice*, at 200–01. HRS § 663–15.5 authorized an appeal from the determination, and HRS §§ 602–57(1) provided the ICA with appellate jurisdiction since the appeal was allowed by law, and was filed in the circuit court.

### D. The Joint Motion to Modify the Record is not moot

The ICA denied Buffington and Integrity's Joint Motion to Modify the Record on the ground that it was moot, apparently because the ICA had already dismissed Buffington and Integrity's appeal for lack of appellate jurisdiction. Because we conclude that the ICA erred in dismissing the appeal, the Joint Motion to Modify the Record is not moot.

### IV. Conclusion

For the foregoing reasons, we vacate the ICA's dismissal order and its order denying the Motion to Modify the Record, and remand to the ICA for further proceedings consistent with this opinion.

Dissenting Opinion by NAKAYAMA, J., in which Circuit Judge TRADER, Joins.

I respectfully dissent from the holding that the Intermediate Court of Appeals (ICA) had appellate jurisdiction to review the U.S. Bankruptcy Court's good faith settlement determination.

### i.

"The fundamental starting point for statutory interpretation is the language of the statute itself." *Estate of Roxas v. Marcos,* 121 Hawai'i 59, 66, 214 P.3d 598, 606 (2009). "Where the statutory language is plain and unambiguous, [the appellate court's] sole duty is to give effect to its plain and obvious meaning." *Id.*

HRS § 602–57(1) (Supp.2010) confers the ICA with jurisdiction "to hear and determine appeals from any court or agency when appeals are allowed by law." Various provisions of the Hawai'i Revised Statutes allow appeals to the ICA from judgments, decrees, orders, or decisions of Hawai'i circuit courts, district courts, tax appeal court, land court, and administrative agencies. No provision of the Hawai'i Revised Statutes and no federal statute allows an appeal to the ICA from a judgment, decree, order, or decision of a federal court. Thus, "any court," as used in HRS § 602–57(1), plainly and obviously means a Hawai'i state court and does not plainly and obviously include a federal court.

The majority concludes that HRS § 602–57(1) conferred the ICA with jurisdiction to review the U.S. Bankruptcy Court's good faith settlement order because "[a]t the time the notices of appeal were filed, this case had been remanded to the circuit court of the first circuit, and the notices of appeal were filed in that court" and "[t]hus, the requirement that the appeal be from 'any court' was satisfied since the circuit court is clearly a 'court' within the meaning of [HRS § 602–57(1) ]." Majority opinion at 193. However, "appeals from any court," as used in HRS § 602–57(1), necessarily assumes that the appeal is from an order or judgment entered by the court from which the appeal is taken. Here, the good faith settlement order was entered by the U.S. Bankruptcy Court, not the circuit court. The order effectuated the good faith settlement determination made by the U.S. Bankruptcy Court and was an order of the U.S. Bankruptcy Court, not the circuit court. The majority concludes that "regardless of the fact that [the order] was originally entered by the bankruptcy court, it was an order of the circuit court at the time the notices of appeal were filed." Majority opinion at 193. However, the fact the U.S. Bankruptcy Court's order was made part of the circuit court's record upon remand did not convert the order to an order of the circuit court. Petitioners' appeal of the December 2, 2009 good faith settlement order entered by the U.S. Bankruptcy Court is not an appeal from the circuit court within the jurisdiction conferred upon the ICA by HRS § 602–57(1).

### ii.

HRS § 663–15.5(e) (Supp.2010) provides that "[a] party aggrieved by a court determination on the issue of good faith may appeal the determination."

The provision is normally invoked in circuit court actions. In such cases, "a court determination on the issue of good faith," as used in HRS § 663–15.5(e), is the determination by a circuit court, which determination "may [be] appeal[ed]." The determination by a circuit court is appealable to the ICA pursuant to HRS § 641–1(a) (Supp.2010).[1]

The good faith settlement provision of HRS § 663–15.5 is also invoked in Hawai'i federal court actions, as petitioners note,[2] and was invoked by the Changs in the adversary proceeding and applied by the U.S. Bankruptcy Court in the instant case. In such cases, "a court determination on the issue of good faith," as used in HRS § 663–15.5(e), is the determination by the U.S. District Court or the U.S. Bankruptcy Court, which determination "may [be] appeal[ed]." The determination by the U.S. District Court is appealable, pursuant to 28 U.S.C. § 1291 (2006), to the Ninth Circuit Court of Appeals. The determination by the U.S. Bankruptcy Court is appealable, pursuant to 28 U.S.C. § 158 (2005), to the U.S. District Court, a bankruptcy appellate panel, or the Ninth Cir-

---

1. HRS § 641–1(a) ("Appeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit and district courts and the land court to the intermediate appellate court, subject to chapter 602.").

2. *See e.g. White v. Sabatino,* 526 F.Supp.2d 1135 (D.Hawai'i 2007); *Whirlpool Corporation v. CIT Group/Business Credit, Inc.,* 293 F.Supp.2d 1144 (D.Hawai'i 2003).

cuit Court of Appeals. Petitioners appealed the December 2, 2009 good faith settlement order to the U.S. District Court pursuant to 28 U.S.C. § 158. The remand of the adversary proceeding divested the U.S. Bankruptcy Court of jurisdiction over the adversary proceeding, but did not divest the U.S. District Court of jurisdiction over petitioners' appeals of the December 2, 2009 good faith settlement order.[3]

The majority acknowledges that petitioners' appeal of the good faith settlement order to the U.S. District Court was authorized by HRS § 663-15.5(e) and 28 U.S.C. § 158. Majority opinion at 189, n. 7; 701, n. 14. The majority concludes that HRS § 663-15.5(e) also authorized the appeal of the good faith settlement order to the ICA because the order "was an order of the circuit court at the time the notices of appeal were filed." Majority opinion at 193. However, as discussed above, the December 2, 2009 good faith settlement order is an order of the U.S. Bankruptcy Court, not the circuit court. Such order, according to 28 U.S.C. § 158, is appealable only to the U.S. District Court, a bankruptcy appellate panel, or the Ninth Circuit Court of Appeals.

iii.

The majority concludes that the ICA had jurisdiction to review the U.S. Bankruptcy Court's good faith settlement determination because cases from the United States Courts of Appeal for the Third and Tenth Circuits and the Arizona Court of Appeals "illustrate that state courts have jurisdiction to review pre-remand orders entered by federal courts in cases that are remanded back to a state court." Majority opinion at 702. Those cases allowed state court review of a federal court's decision made prior to remand where the federal court's decision was a non-final interlocutory decision that was not appealable in the federal system. *See Powers v. Southland Corp.*, 4 F.3d 223, 234 (3rd Cir. 1993) ("Because [ ] the order allowing the relation back amendment in this case was interlocutory in nature, there was no opportunity for the decision to have been reviewed in the federal courts, and, as such, the decision has no preclusive effect on the state courts."); *In re C & M Props., L.L.C.*, 563 F.3d 1156, 1166 (10th Cir.2009) ("[The bankruptcy court's] denial of summary judgment [was] a quintessential interlocutory order [unreviewable in the federal courts] with no preclusive effect on the parties in any future proceedings [in state court]."); *Southern Leasing Corp. v. Tufts*, 167 Ariz. 133, 804 P.2d 1321, 1323 (App.1991) ("Since Tufts could not have the federal district court's [decision on service of process] reviewed in the federal system, there is no issue preclusion and he is free to litigate the issue in state court.").

The majority finds the above authorities consistent with Professor Moore's view that "underlying orders made by the federal court remain in effect in the remanded state court action until the state court takes action to modify or set them aside." Majority opinion

**3.** The majority concludes that the remand of the adversary proceeding divested the U.S. Bankruptcy Court and the U.S. District Court of jurisdiction over the federal court proceedings, citing *In re C & M Props., L.L.C.*, 563 F.3d 1156, 1161–62 (10th Cir.2009) and *Mathewson v. Aloha Airlines*, 82 Hawai'i 57, 70–74, 919 P.2d 969, 982–86 (1996). Majority opinion at 703, n. 17. In *C & M Props.*, a federal district court approved a bankruptcy court's recommendation to remand a malpractice claim removed to bankruptcy court and "[o]nce the district court remanded [the] malpractice claim to state court, it and the bankruptcy court lost authority to adjudicate the claim's merits." 563 F.3d at 1161–62. In *Mathewson*, the U.S. District remanded a wrongful termination action removed to the U.S. District Court and the mailing of a certified copy of the remand order to the circuit court divested the U.S. District of jurisdiction over the wrongful

termination action. 82 Hawai'i at 73, 919 P.2d at 985. Neither *C & M Props.* nor *Mathewson* involved a second federal proceeding separate and distinct from the federal proceeding remanded to state court. Neither case supports the majority's conclusion that the U.S. Bankruptcy Court's remand of the adversary proceeding divested the U.S. District Court of jurisdiction over petitioners' appeals of the December 2, 2009 good faith settlement order.

Even if the remand of the adversary proceeding divested the U.S. District Court of jurisdiction over petitioners' appeals, petitioners' inability to obtain appellate review from the federal court does not permit petitioners to obtain appellate review from the ICA inasmuch as "the right of appeal [to the ICA] is purely statutory and exists only when given by some Constitutional or statutory provision." *Chambers v. Leavey*, 60 Haw. 52, 57, 587 P.2d 807, 810 (1978).

at 193. This premise applies when the federal court's order is an interlocutory order, not a final order. 16 James Wm. Moore et al., *Moore's Federal Practice* § 107 App. 113[2][b], at 200–01 (3d.—ed. 2010) ("Insofar as they are interlocutory and are included within the action or the part of the action remanded, [orders entered by the district court prior to a remand] would ordinarily remain in effect, following the remand, until the state court took appropriate action to modify or set them aside.").

The U.S. Bankruptcy Court's December 2, 2009 good faith settlement order—though interlocutory in the sense that the underlying litigation in circuit court is not complete—was a final order inasmuch as it barred the defendants from any further claims against the settling defendant, Investor's Funding, and resulted in the dismissal of all cross-claims against Investor's Funding.[4] The De-

cember 2, 2009 order was appealable to, and was appealed to, the U.S. District Court, pursuant to the good faith settlement statute, HRS § 663–15.5(e) and 28 U.S.C. § 158. The order being appealable in the federal system and having been appealed in the federal system, the order is not reviewable by the circuit court or the ICA under the authorities cited by the majority.[5]

I therefore would hold that the writ of certiorari was improvidently granted because the Intermediate Court of Appeals did not err in dismissing the appeal for want of appellate jurisdiction.

---

4. HRS § 663–15.5

   . . . .

   (d) A determination by the court that a settlement was made in good faith shall:

   (1) Bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor, except those based on a written indemnity agreement; and

   (2) Result in a dismissal of all cross-claims filed against the settling joint tortfeasor or co-obligor, except those based on a written indemnity agreement.

5. In a situation where a Hawai'i federal district court, prior to remand of a circuit court action, enters an interlocutory order that is not reviewable in the federal system, the interlocutory order, after remand to the circuit court, is reviewable by the ICA under the authorities cited in [the draft opinion]. However, review of the federal court's order cannot be effected by immediate

appeal to the ICA given that the order is interlocutory, not final. Instead, review of the federal court's order can be effected at the conclusion of the circuit court action by appealing from the circuit court's final judgment. *See Ueoka v. Szymanski*, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) (An appeal from a final judgment "brings up for review all interlocutory orders not appealable as of right which deal with issues in the case."). Such appeal is an appeal from the circuit court's final judgment, not an appeal from the federal court's order. Interpreting "any court," as used HRS § 602–57(1), to mean a Hawai'i state court and not a Hawai'i state court or a federal court allows the ICA to review—on appeal from a circuit court final judgment—an interlocutory order of a federal court entered prior to remand of the circuit court action.